## WALTERS versus COMMONS.

The United States, in providing for the survey of the public domain, established the rule, that *sections* of lands should be held to contain the exact quantity returned by the Surveyor-General: so, that the corners of *sections* fixed by such survey, cannot be removed.

In the case of *sections*, the government has arranged their boundaries, marked their lines and corners, and declared the contents; and the purchaser of an *entire section* takes all within those limits, be it more or less than the quantity returned by the surveyor: but in the purchase of a *less* quantity than a section, (as between the several holders of a section,) *the contents of such several parts must be determined by reference to the entire section*: and the purchaser of a half or quarter section, is entitled to one half or one fourth of whatever the section contains. In such case the half mile posts or corners are to be placed equi-distant between the corners of a section; for these half mile posts are not definitively fixed by law, as in the case of section corners.

THIS was an action of trespass, to try title, instituted by Walters against Commons, in the Circuit Court of Perry.

Walters was owner of the south east quarter of section eight, in township eighteen, of range ten, and Commons claimed the east half of the south west quarter of the same section. The whole section was found to contain six hundred and fifty two 37-100 acres, and the question raised in this case, was, in substance, whether the surveyors had the right of removing the *half mile posts*, and of thus giving the plaintiff his portion of the excess in the section. The Court below, charged, among other things, that the surveyors had no right to remove the half mile stakes, if without doing so, they could give the quantity called for in the patent, though the section contained more than six hundred and forty acres. There was a judgment for defendant below, and the plaintiff having excepted to the opinion of the Court, took his writ of error.

ELLIS & PECK, for Pl'ff—cited *Story's Dig.* 360, '1.

By Mr. Justice HITCHCOCK:

This is an action brought by the plaintiff in error, in the Circuit Court of Perry county, to recover possession of a piece of land in possession of, and claimed by the defendant. At the trial below, a bill of exceptions was taken, which presents the following state of facts.

The plaintiff gave in evidence a patent from the United States, for the south east quarter of section eight, township eighteen, range ten, containing one hundred and sixty 70-100 acres, and that the defendant was in possession of, and claimed the east half of the south west quarter of the same section. He further proved, that by an accurate survey of the whole section, it was found to contain six hundred and fifty two 37-100 acres, and that to give the plaintiff one fourth of this section, it would take about one and a half acres from that in possession of, and enclosed by the defendant. It appeared, by the evidence of the county surveyor, that the half mile stake on the south line of the section was missing; but that by running a line from where he supposed it to have been, judging from the fore and aft trees, north, to the middle of the section, and from thence east to the east line of the section, there would be found within those lines the quantity called for by the plaintiff's patent, and that that those lines so run, would not bring the defendant within them—but that by placing the half mile stake at the centre of the south line of the section, and thence running to the centre of the section, so as to give the plaintiff one fourth of the entire section, it would take, as before stated, one and one half acres of the defendant's possessions.

Upon this state of facts, the Court below instructed the jury, that if by running the line from the half mile stake, or if missing, from where it was supposed to

have been, from the fore and aft trees, on the south line, north, to the middle of the section, and thence to the half mile stake on the east line of the section, the same would contain the number of acres the patent called for—that that was all the plaintiff was entitled to, though it might be less than a fourth of the section, and that in re-surveying the lands sold by the United States, in this state, the surveyors have no right to remove the half mile stakes, if without it, they can give to the party holding the patent the number of acres called for therein, though the section may contain more than six hundred and forty acres; and though, if the section were equally divided, according to the legal sub-divisions of the United States, he would be entitled to a larger quantity.

The correctness of this instruction, is brought before this Court for examination, and the case has been submitted without argument.

The titles to lands in this state, are derived from grants by the United States, and are made under surveys regulated by laws of the United States. By the act of 1796, providing for the sale of the lands of the United States north of the river Ohio, and which is the parent act of all our land laws, the principles upon which surveys are made, are prescribed. By the second section of that act, the lands are to be divided by north and south lines, run according to the true meridian, and by others crossing them at right angles, so as to form townships of six miles square. The corners of the townships are to be marked with progressive numbers from the beginning ; each distance of a mile between the corners shall be distinctly marked with marks different from those of the corners.— These townships are to be divided into sections containing, *nearly as may be, six hundred and forty acres,* by running through the same, each way, parallel lines,

at the end of every two miles, and by marking a corner on each of said lines at the end of every mile. The sections are to be numbered, respectively, beginning with number one in the north east section, and proceeding west and east alternately, through the township, with progressive numbers till the thirty-six be completed; and the surveyors are to mark on a tree near each corner made as aforesaid, and within each section, the number of the section, and over it the number of the township in which said section may be, and all lines are to be plainly marked upon trees, and measured with chains, &c. according to a standard fixed by the act.

By an act passed the 11th February, 1805,[a] the surveyors were required, by running intermediate lines, to subdivide the lands into sections, half sections, and quarter sections, and by that act certain principles were established, by which to ascertain the boundaries and contents of the several subdivisions.

<span style="float:right">a3d Vol. Law's U. S. p. 637.</span>

The first principle declares, " that all the corners marked in the surveys shall be established as the proper corners of sections or subdivisions of sections which they were intended to designate; and the corners of half and quarter sections, not marked on the said surveys, shall be placed, as nearly as possible, equidistant from those two corners which stand on the same line."

By the second principle, each section or sub-division of section, the contents of which shall have been returned by the Surveyor-General, shall be held and considered to contain the exact quantity expressed in the return so made; and the half sections and quarter sections, the contents whereof shall not have been returned, shall be held and considered as containing the

one half or the one fourth, respectively, of the returned contents of the section of which they make a part.

By this it will be seen that the corners of sections are definitively established, and cannot be altered; that the half and quarter sections are not actually run out, but that the half mile corners are to be placed, as nearly as possible, equidistant between the corners of sections, and that the purchaser of a half or quarter section will be entitled to the half or quarter of the returned contents of the section of which it forms a part. It so happens, however, that a section sometimes contains more, than by the returned contents from the surveys, it appears to have, and in some cases less. In the present case, it contains twelve 37-100 acres more, than that prescribed by law.— Where there are different owners in the same section, how is this excess to be divided? If the half mile posts or corners are equidistant between the corners of the section, there can be no difficulty: for, by running to the exact center of the section, from each post, the parts will be equal. It is only when there is an error in not placing the half mile post or corner at the center of the line of the section, that the inequality occurs. By law, these corners are not declared to be "established as the proper corners," as is done in the case of sections; to disturb which would distract a whole township: but they are to be as "nearly equidistant as possible from the corners of the section;" and if there is an error found in that particular, by which one person owning one half or quarter of a section, has got possession of more than the half or quarter, it is the opinion of the Court that this error can be corrected. The propriety of this distinction is obvious. In the case of sections, the government has fixed and established the boundaries, marked the lines,

and designated and marked the corners, and declared the contents; and a purchaser of a section takes it by metes and bounds, and is entitled to all within those bounds, whatever it may be : but in the purchase of a less quantity, although the government declares what the contents are, yet, as between the several holders of the section, their rights are to be determined by reference to the entire section; their boundaries are not determined by metes and bounds designated and established by the government; for as to those, there are no returns, but the same is determined by reference to the section, as before stated.

The expression in the act, that the sections and subdivisions shall be held and considered as " containing the exact quantity expressed in the returns," is equivalent to the expression in a deed, conveying lands by metes and bounds, and stating the quantity of acres, " be the same more or less." Here, the purchaser takes what is within the bounds, without reference to the exact amount there may happen to be.

From this view of the case, it follows, that the Circuit Court erred in its instruction to the jury ; and, therefore, the cause must be reversed, and remanded.