## NOLEN *vs.* PALMER.

1. The acts of Congress of 1805 and 1820, " concerning the mode of surveying the public lands of the United States," do not establish the corners of subdivisions of fractional sections, as fixed by the United States' surveyors, in the government surveys, as the true corners ; but the corners of quarter sections are to be placed equi-distant from the section corners on the same line. (Adhering to the decision in Walters v. Commons, 2 Porter 38.)

ERROR to the Circuit Court of Barbour.
Tried before the Hon. ROBERT DOUGHERTY.

TRESPASS TO TRY TITLES by Avery Nolen against Benjamin Palmer, " to recover possession of the east half of the northeast quarter of fractional section 26, in township 10, range 27, lying in Barbour, and subject to entry at the Land Office in Montgomery ; to try the titles thereto, and recover damages for the detention thereof, and particularly to try the titles to the south end of said tract, now in possession of, and under cultivation by the defendant, and also damages for the detention thereof."

It appears from the bill of exceptions, that the parties claimed adjacent tracts of land in the same fractional section, under patents from the United States, both of which were issued on the same day ; and the only question between them was, where the division line ran. " The plaintiff's evidence conduced to prove, that the eastern boundary line of said fractional section was returned to the General Land Office, by the original official government surveyor, in his original and only return, as being 94 chains and 40 links in length, when in fact, as the county surveyor testified, it is 101 chains and 50 links long ; that plaintiff's lands were returned and represented, in said original return, as containing 74 acres, whereas, in fact, as said county surveyor testified, they contain 80¼ acres ; that defendant's lands were returned and represented, in said original return, as containing only 92 acres, whereas, in fact, as said county surveyor testified, they contain 100¾ acres ; thus showing an aggregate gain by said lands, over the amount returned to the General Land Office, of 15 acres, which, as plaintiff contends, should be divided between him and defendant in proportion to said amounts owned by them respectively."

" It was in evidence that the half-mile stake, placed by said original surveyor at the point to which defendant claims, and called in his field notes a quarter section corner, is, according to plaintiff's evidence, short of a half mile from the section corner of said fractional section, and that the true half-mile point from said section corner is several chains further south, at the point to which plaintiff claims ; and that, if plaintiff's lands extend to said true half-mile stake, then defendant has, and before suit had, in cultivation, claiming as his own, over *two* acres of land claimed in this action by plaintiff ; that if said overplus or gain was divided between plaintiff and defendant,

then the amount of plaintiff's land, so claimed and cultivated by defendant, is 5¾ acres; but, if the quarter section corner, as placed by said original surveyor, be the true point of division between plaintiff's and defendant's lands, then no trespass has been committed."

The court charged the jury, that, this being a fractional section, said half-mile stake, or quarter section corner, as placed by said original surveyor, was the true point of division between plaintiff and defendant in respect to their said lands; and this charge is now assigned for error.

J. BUFORD and S. F. RICE, for plaintiff in error, contended, that the half-mile stakes are not fixed by law, as in the case of section corners, and if the surveyor made a mistake in placing them, they may be moved; citing Walters v. Commons, 2 Porter 38, which was recognized as the law of this case in 21 Ala. 70.

P. T. SAYRE, *contra*, insisted, that, the land in controversy being a fractional section, must be governed by the laws applicable to fractional sections, which establish the length of the lines as actually fixed by the government surveyors; citing Lowen v. Smith, 7 Porter 428.

GOLDTHWAITE, J.—The patent of the plaintiff, Nolen, called for the east half of the north-east quarter of fractional section 26, township 10, and range 27, containing seventy-four acres, according to the plat of the official survey returned by the Surveyor General to the Land Office. The eastern line of this section, running north and south, was more than a mile in length, and the half-mile stake, or quarter section corner, as fixed by the United States surveyor, was less than a half mile from the north-eastern corner of the section. The questions presented by the record, are, whether the eastern line of the plaintiff's lands runs below the corner thus fixed by the Surveyor General? and, if so, how far?

The act of Congress of 24th April, 1820, (3 Stat. at Large 366) provides, that in " case of the division of a quarter section, the line for the division thereof shall run north and south, and that the corners and contents of half quarter sections, which may hereafter be sold, shall be ascertained in the manner, and

on the principles, directed and prescribed by the second section of an act, entitled, "an act concerning the mode of surveying the public lands of the United States," passed the 11th February, 1805 ; and fractional sections, containing one hundred and sixty acres, and upwards, shall, in like manner, as nearly as practicable, be subdivided into half quarter sections, under such rules and regulations as may be prescribed by the Secretary of the Treasury." These regulations, which may be regarded as part of the law, authorized the subdivisions of fractional sections, into half quarter sections, by lines running east and west, as well as north and south.—Circular Letter of Secretary of Treasury to the Surveyor General of 10th June, 1820 ; 2 Porter's Public Land Laws, &c., 820.

The corners and contents, therefore, of the east half of the north east corner of fractional section 26, belonging to the plaintiff, must be ascertained upon the principles of the second section of the act of Congress of 11th February, 1805.—2 Stat. at Large, 313.

The construction of this section of the act referred to, was settled by the decision of this court in Walters v. Commons, 2 Porter 38, where the question was directly presented, as to whether the corners of subdivisions of sections, established incorrectly by the United States' surveyor, could be corrected by removing the half-mile stakes. The court held, that the corners of subdivisions of sections were not declared to be established "as the proper corners," as was the case with the section corners, but that the corners of such subdivisions were to be placed "as nearly equi-distant as possible from the corners of the section ;" and if a mistake was made in that particular, by the United States' surveyor, the mistake could be corrected. We are free to confess, that this construction appears to us to be directly in the teeth of the act, which, in our opinion, as clearly establishes the corners of subdivisions of sections, when fixed by the surveyor of the United States, as the true corners of such subdivisions, as of the sections ; but, as the decision is in relation to the boundaries of lands, we do not feel at liberty to overrule it, according to the principles laid down by this court in the case of Rawles v. Kennedy, 23 Ala. 240.

It is insisted by the defendant in error, that the case of Lewen v. Smith, 7 Porter 428, is in conflict with Walters v. Commons,

*supra*; and it is undeniable, that the reasoning of the judge who delivered the opinion in the first case referred to, would lead to the adoption of a different principle from that established in Walters v. Commons; but the point was not presented in Lewen v. Smith. The question there was, whether a fractional section line—not the subdivision of the fraction—as actually run by the United States' surveyor, was the true line, and whether the corner of the section, as fixed by that officer, was the true corner. The case of Commons v. Walters, holds, that the section lines and corners thus established cannot be changed, and the decisions in the two cases are entirely consistent with each other.

We are forced, therefore, under the influence of the first case, to hold that the quarter section corner on the eastern line of the section must be fixed equi-distant from the section corners on the same line; and a line run from that corner, thus ascertained, west to the half quarter section running north and south, would be the southern boundary of the plaintiff's line under the patent.

The charge of the court not being in accordance with these views, the judgment is reversed, and the cause remanded.