# BILLINGSLEY vs. BATES.

[TRESPASS TO TRY TITLES TO LAND.]

1. *Boundaries of public lands.*—The corners and boundaries of sections, as marked and run by the United States surveyors in their original surveys, although not located with mathematical precision, are established by law as the proper corners and boundaries, and cannot be altered or controlled by other surveys.

Billingsley v. Bates.

2. *Mode of ascertaining lost corner or boundary.*—In ascertaining the lost corner or boundary of a section, which must be presumed, in the absence of evidence to the contrary, to have been established and marked in the original survey, recourse may be had to the unobliterated marks and corners of that survey, the field-notes and plat, and subsequent surveys made under their guidance, although such subsequent surveys are not proved to correspond in every particular with the original survey. If only a portion of one of the boundary lines, leading to the lost corner, has been obliterated, the remaining portion, whether straight or not as marked, must be considered established ; and the corner must be presumed, in the absence of evidence to the contrary, to be at the point where the marked line, if continued, would intersect the township line. But, if the lost corner is proved to have been at another point, the lost portion of the boundary must be ascertained, by running a straight line, from the point at which the marks disappear, to that corner.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Isaac Billingsley against Robert Bates, to try titles to a small tract of land, which the plaintiff claimed as a portion of section 34, and the defendant as a portion of section 35, in township 18, range 7, in the Cahaba district. One of the corners common to said two sections, and a portion of the boundary line running thence to the other common corner, as marked and established by the original government survey, were recognized and admitted by both parties ; but the other common corner, with a portion of the boundary, was lost ; and the main point in the case was the location of this lost corner and boundary. Various exceptions were reserved by the plaintiff, to the rulings of the court on the evidence adduced by both parties on this point ; but the decision of the court renders it unnecessary to notice these matters particularly. The plaintiff also excepted to the several charges of the court to the jury, given at the instance of the defendant ; the first of which was, "that the different surveys offered in evidence are not to influence the jury, unless they are satisfied that such surveys correspond with the original government survey, and this must be shown by the plaintiff." The assignments of error embrace all the rulings of the court to which exceptions were reserved.

I. W. GARROTT, for the appellant.

WM. M. BROOKS, *contra*.

RICE, C. J.—The acts of congress in relation to the survey of public lands, direct the government surveyor to perform certain duties, amongst which are the following: that he should divide the lands by north and south lines, run according to the true meridian, and by others crossing them at right angles, so as to form townships of six miles square, unless where the line of the late Indian purchase, or of tracts of land heretofore surveyed or patented, or the course of navigable rivers, may render it impracticable; that he should mark the corners of the townships with progressive numbers from the beginning; that he should also mark a corner on each of the said lines, at the end of every mile, with marks different from those of the corners of the townships; that he should subdivide the townships into sections, by running straight lines from the mile corners thus marked, to the opposite corresponding corners, and by marking on each of the said lines intermediate corners as nearly as possible equidistant from the corners of the sections on the same; and that he should plainly mark upon trees all lines, and measure them with a chain of a specified length, adjusted to a standard kept for that purpose.—See the act of congress of May 18th, 1796, 1 U. S. Statutes at large, 464, chapter 29; and the act of February 11th, 1805, 2 *ib.* 313, chapter 14.

Mathematical precision on his part, in locating the corners and the external lines of sections, is not essential to their validity. On the contrary, such corners, if marked by him in his survey, are the established and proper corners of the sections which they were intended to designate, although they were not marked at the exact points which a precise and literal compliance with the acts of congress would have indicated as the proper points. And such lines, if actually run and marked by him, although not straight, are the proper boundary lines of the sections for which they were intended.—See 2d section of the act

of 1805, above cited; Nolen v. Palmer, 24 Ala. 391, and cases therein cited. See, also, the authorities cited *infra*.

The land which forms the real subject of dispute in the case at bar, is a narrow strip along and near the dividing or common boundary line between sections 34 and 35 of township 18, range 7, in the Cahaba district, and is part of one or of both of those sections. The plaintiff alleges that it is part of section 34. The defendant denies that allegation, and insists that it is part of section 35. The location of the north-east corner of the section 34 is known and admitted. The location of the south-east corner of that section is conceded to be somewhere on the township line which is common to townships 17 and 18; but the precise point of its location thereon is in dispute. The location of the line between the aforesaid corners is also in dispute. The main controversy is in relation to the location of said last mentioned line, and of said south-east corner.

The presumption must be indulged, that the government surveyor, in his original survey, adopted or erected monuments or marks to indicate that corner and line, unless the evidence shows that such presumption is contrary to the truth. The evidence does not show any thing irreconcilable with the truth of the presumption; and we shall assume, therefore, that the aforesaid disputed corner was established by the government surveyor, that his marks or monuments designating it have been wholly obliterated, that the aforesaid disputed line was also established by him, and that his marks indicating some two hundred yards of that part of it nearest to the township line have been obliterated.

If that assumption be correct, then it is for the jury to ascertain and settle at what precise point the disputed or lost corner was placed, and the disputed line marked, by the government surveyor in his original survey. And to enable the jury to perform that duty intelligently, any evidence, whether parol or written, may be submitted to them, which has any natural and reasonable tendency to show. where that corner was placed or that line marked in the original survey. Recourse may be had to the

unobliterated marks and corners of that survey, to the field-notes and plat, and to subsequent surveys made under their guidance. Such subsequent surveys cannot alter or control that survey; for, so far as it can be traced or proved, it must govern. But still they may aid the jury in ascertaining *the original position of its lost corner*. Their inaccuracies or errors may be so numerous, or so glaring, as to destroy all faith in them as evidence, on the part of the jury. On the other hand, their errors or inaccuracies may be such as are explainable by other evidence, or by the known imperfection of the means necessarily used in making all surveys; and may, therefore, not destroy all faith in them, nor render them worthless as evidence. With their aid, the jury may be enabled to ascertain with reasonable certainty where the lost corner was located in the original survey. Without their aid, the jury may not be able to ascertain that location. Their weight or influence as evidence must be determined by the jury. The mere fact that the party relying on them has not proved that they correspond *in all respects* with the original government survey, *does not authorize the court to instruct the jury to disregard them entirely in seeking the location of the lost corner or line*. The party cannot, in any case, prove such correspondence, without proving *every part* of that survey. In many cases, he cannot prove *a lost corner, or any other lost part of* that survey, without the aid of such subsequent surveys. And in all such cases, a rule which requires, as a condition for obtaining any influence for them, that the party relying on them should prove their correspondence *in all respects* with the original survey, would amount to a denial of the right to prove the location of a *lost corner or other lost part* of the original survey. There is no such rule. The court below erred, therefore, in the 1st charge given "at the instance of the defendant." The jury ought to consider such subsequent surveys, in connection with the other evidence in the cause; and if, after doing so, they believe that the original location of the lost corner was at a particular point designated with reasonable certainty by the evidence, such belief ought not to be disregarded in mak-

ing up their verdict.—McClintock v. Rogers, 11 Illinois Rep. 279; Doe, *ex dem.* Miller v. Cullum, 4 Ala. 679; Bryan v. Beckley, Litt. Sel. Cases, 91; Wallace v. Maxwell, 1 J. J. Marsh. 447.

If the original location of the lost corner is ascertained, there cannot be much difficulty in deciding as to the location of the disputed line. That line is marked from the known and established north-east corner of section 34, in a southern direction, to a point some two hundred yards distant from the admitted southern boundary of the section. As far as that line is marked, whether it be straight or not, it must be treated as established; and the presumption is, that from the point where all traces or proof of the marks fail, the government surveyor closed the survey, or completed the line, by running it straight to the disputed corner.—Thornberry v. Churchill, 4 Monroe, 30; Brown v. Hobson, 3 A. K. Marsh. 382; Wishart v. Cosby, 1 *ib.* 382.

If the original location of the lost corner is not proved to have been at a point other than that at which the aforesaid marked line, if continued in its course, would intersect the said township line, then the intersection of these lines must be taken as the south-east corner of said section 34. The course of the line marked in part, must be followed the proper distance, that is, to the township line, unless there is or was an established corner to divert it, or unless there is something else deemed sufficient in law to control it.—Mercer v. Bate, 4 J. J. Marsh. 334. See also authorities cited in the next preceding paragraph.

It is conceded that the land described in the declaration, to-wit, the south-east quarter of said section 34, belongs to the plaintiff. If, then, the jury are convinced by the evidence that some part of the land which was in possession of the defendant at the commencement of this suit is within the boundaries of said south-east quarter, they ought to find for the plaintiff; if they are not so convinced, they ought to find for the defendant.—Bryan v. Beckley, Litt. Sel. Cases, 94.

We take it for granted, that the parties desire a trial upon the merits; and believing that the views above

expressed by us, and the authorities above cited, will enable them thus.to try the case, we shall not extend this opinion by noticing in detail or deciding points which will not probably arise on another trial.

For the error of the court below, in giving the 1st charge "at the instance of the defendant," the judgment is reversed, and the cause remanded.