————o————

GEORGE B. VAUGHN, Plaintiff in Error, *vs.* ALLEN TATE, Defendant in Error.

1. *Land and land titles—Quarter section corners, how determined.*—In exterior sections having less than the full number of acres, where the quarter section corners cannot be found, the deficiency will not be divided between the quarter sections as contemplated by the statute, but must fall on the quarter directly on the township or range line. In such case the regulations of the United States Land Department must prevail over the statutes of the State.   Knight vs. Elliott, 57 Mo. 317.

*Error to Lewis County Circuit Court.*

*A. Hamilton,* for Plaintiff in Error.

*F. L. Marchand, with J. G. Blair, and J. C. Anderson.* for Defendant in Error, cited: Knight vs. Elliott, 57 Mo. 317.

HOUGH, Judge, delivered the opinion of the court.

This was an action of ejectment. The plaintiff and the defendant are adjoining proprietors, the defendant owning the south-east quarter and the plaintiff the eastern portion of the south-west quarter of section six, township sixty, range six west; and the rights of the parties are to be determined by the location of the boundary line dividing the south-east quarter from the

south-west quarter of said section, the quarter section corner established by the United States surveyor, on the south line of said section, being lost.

No question of adverse possession is involved, as the defendant claims title only to the dividing line wherever that may be.

The section is an exterior one, and fractional, the south line thereof being in fact only seventy-five chains in length, although the patent issued by the United States, under which the defendant claims, calls for the south-east quarter containing one hundred and sixty acres, and the patent under which the plaintiff claims, calls for the south-west quarter containing one hundred and sixty-two and sixteen hundredths acres.

It being admitted that the plats and original book of entries of the United States surveyor are inaccurate, and that the south half of the section contains only about three hundred acres, it is obvious that one or both of the parties must sustain a loss, and the only question is whether the deficiency should be divided ratably between the two quarters, in accordance with the provisions of section 30 of the act relating to county surveyors (Wagn. Stat. 1312), or whether the defendant, as the owner of the south-east quarter, is entitled, in accordance with the United States laws and the regulations of the General Land office, to a full-quarter section containing one hundred and sixty acres, thus throwing the entire deficiency upon the owner of the south-west quarter.

It is stipulated in the agreed statement of facts, on which the case was submitted, that if the former rule is adopted the plaintiff is entitled to recover, if the latter, then the defendant is entitled to recover.

The precise question here presented was considered and determined in the case of Knight vs. Elliott (57 Mo. 317), and it was there held, that in such cases the regulations of the Land department of the United States must control, and not the laws of the State.

Judgment of the circuit court, which was for the defendant, must therefore be affirmed; all the other judges concur, except Sherwood, C. J., who was absent.