LUKE PALMER, JOHN J. NICHOLS, CHARLES J. CHURCH, JOHN
W. MOON AND ALEXANDER V. MANN v. EDWARD L.
MONTGOMERY, ROBERT A. HAIRE AND D.
WALLACE GIDDINGS.

*Original survey of townships—Location of section corners cannot be changed by subsequent survey made to subdivide the sections.*

By the original government survey the range line between two townships was run straight, and the corners between sections one and six of the respective townships ascertained and marked with stakes. By a second survey, made to subdivide said sections and ascertain the acreage of the subdivisions, the range line between said sections was changed by angling to the eastward.

*Held,* that the original survey must govern as to the location of said range line, which must be a straight one, and that said line and sec-

tion corners, as established by such original survey, cannot be changed in any subsequent survey made for the purpose of subdividing said sections.

Appeal from Newaygo. (Fuller, J.) Argued January 6, 1886. Decided January 27, 1886.

Defendants appeal. Reversed. The facts are stated in the opinion.

*Ellsworth & Rarden* and *Keating & Dickerman,* for complainants.

*Taggart, Wolcott & Ganson,* for defendants.

SHERWOOD, J. The bill of complaint in this case was filed to restrain the defendants from cutting timber on section 1, township 16 N., range 12 W., in the county of Newaygo, west of the east line of said section.

The complainants were owners of certain lands known as section 1, in said township 16 N., range 12 W., being the township of Monroe.

And the defendants were the owners of the pine timber on the W. ½ of the N. W. ¼ of section 6, in township 16 N., range 11 W., being the township of Barton.

These two parcels of land adjoin each other, the line between the two townships running between them.

About eighteen acres of timber standing along this line is the property in dispute. It is conceded by counsel for complainants, that if the line between these two townships is a straight one, the disputed property is not owned by them.

A temporary injunction was granted. The case was subsequently heard on pleadings and proofs; and the circuit judge entered a decree making the injunction perpetual.

From this decree the defendants take their appeal to this Court.

The record shows the line between the lands of these two parties to be a range line, and the field-notes and other evidence show that it was run by the government surveyor, originally in 1837, and the corners between the above-named

sections ascertained and properly marked with stakes. By this survey the line between the two townships runs straight. A second survey was made of these two sections in 1856. This survey was evidently made for the purpose of making sale of the land, the object of which was to divide up the township sections, half sections, and quarter sections, and to ascertain the number of acres. These two surveys, as the record shows, do not agree as to the location of this range line between the sections owned by the parties; and the real question in this case is, which of the two lines designated by these surveys is the true one.

The original survey was that made by the general government under the act of Congress passed February 11, 1805, being section 2396 of the Revised Statutes of the United States, and which provides that

"The boundaries and contents of the several sections, half sections, and quarter sections of the public lands shall be ascertained in conformity with the following principles: * * * *Second.* The boundary lines actually run and marked in the surveys returned by the surveyor general shall be established as the proper boundary lines of the sections or subdivisions for which they were intended."

This provision, I think, furnishes the rule for the determination of the controversy in this case.

From the testimony in the case, I think it is quite clear there is no great difficulty in ascertaining the section corners on this range line, which necessarily determines the location of the line between the lands of these several parties; and that it must be a straight line, according to the original survey; and this line cannot be changed, nor can the section corners be changed, in any subsequent survey, for the purpose of dividing up the sections: *Britton v. Ferry*, 14 Mich. 53; *Bayless v. Rupert*, Wright (Ohio Supreme Court), 634; *Knight v. Elliott*, 57 Mo. 317; *Vaughn v. Tate*, 64 Mo. 491; *Billingsley v. Bates*, 30 Ala. 376.

Really the record does not show that there has ever been a resurvey of the range line between the lands of these par-

ties; but we have said all that is necessary in disposing of the case.

The decree made at the circuit must be reversed, and the bill dismissed, and the defendants will be allowed to recover their costs in both courts.

The other Justices concurred.