183 So. 444

**STEWART et al. v. KERVIN.**

**4 Div. 42.**

Supreme Court of Alabama.

June 30, 1938.

Rehearing Denied Oct. 6, 1938.

E. O. Baldwin, of Andalusia, for appellants.

Ralph A. Clark and Powell & Fuller, all of Andalusia, for appellee.

GARDNER, Justice.

Count 1 is in trespass to realty, the claimed damages consisting in large part of cutting the timber thereon. Count 2 seeks the statutory penalty for cutting trees.

Plaintiff owned one forty acres and defendant Davis the forty joining on the north. The real issue relates to the location of the boundary line. There was verdict for plaintiff on count 1 with damages fixed at fifty dollars. Count 2 was therefore eliminated from the case, and needs no further consideration.

Plaintiff offered proof tending to show the old line, run some fifty years ago and known as the Michigan survey, was the true line, and that in 1910 or 1912 another survey was made at the instance of the Horse Shoe Lumber Company by one Reynolds, when Pen Williams was in possession of plaintiff's forty and that the Reynolds' survey in fact corresponded with the old Michigan survey; and that it was agreed between the lumber company and Williams at the time that the Reynolds' survey should be the true line. Possession was taken and held by each of the successive owners from that time and under claim that the Reynolds' survey line was the true line. Not only do the witnesses say that possession was held for all of those years under claim to this line, but there was a fence along a part of the line, and proof of cultivation up to that fence line as the boundary line.

It is clear enough sufficient possessory acts have been shown for the required time under our decisions. Smith v. Cook, 220 Ala 338, 124 So. 898.

Defendants insisted that such was not the true line but some forty or fifty feet south, and that they cut no trees south of the line. Their evidence sufficed to make the case one for the jury's consideration.

That defendants were not entitled to a new trial on the ground that the verdict was contrary to the weight of the evidence is too clear for discussion.

462

Defendants insist that the rule as to agreement of coterminous owners establishing a boundary line and holding adversely for ten years thereafter and thus establishing the line is inapplicable where a section line is involved. Defendants cite Nolin v. Parmer, 21 Ala. 66; Walters v. Commons, 2 Port. 38; Lewen v. Smith, 7 Port. 428. But these authorities dealt with no such question as here presented, and are clearly inapplicable.

There is nothing in the proof in any manner reflecting upon the binding effect of the agreement as to the true line when surveyed by Reynolds, and the proof is the parties abided thereby. We find nothing in the case calling for further discussion.

It was a plain question of fact with the issue squarely presented to the jury, and the evidence abundantly supported their finding. No reversible error appears.

Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.