On Application for Rehearing

BRYAN, Judge.
At trial, the parties referred to a judgment the Perry Circuit Court had entered in 1996 in a civil action docketed by that court as Eugene Darden v. Eva Smith Edwards, CV-95-15 (“the Darden case”). The judgment entered in the Darden case (“the Darden judgment”) had determined the location of a segment of the section line that was different from the one at issue in the present case. Neither Meles-ter Ford nor Melesian A. Ford Allen were parties to the Darden case.
In his initial brief to this court, Daniel Lawrence Edwards stated:
“Previously an adjacent segment of this section line was adjudicated in Eugene Darden, et al., v. Eva Smith Edwards, et al., Case Number CV-95-15, in the Circuit Court of Perry County, Alabama, and that segment of the section line was established by order of the Circuit Court of Perry County dated September 25, *105 1996.[5] It was done without prejudice to persons not parties to that case, and does not apply to the 70547 foot segment of the line which is the boundary between Ford and Edwards.
Edwards’s initial brief at pp. 10-11 (emphasis added). Edwards did not argue in his initial brief that the trial court had erred on the ground that it was bound by the judgment in the Darden case and had entered a judgment that was' inconsistent with it. However, in his reply brief to this court, Edwards did make that argument for the first time. On application for rehearing, Edwards argues that we erroneously failed to address that argument in our opinion on original submission. However, “[i]t is a well-established principle of appellate review that we will not consider an issue not raised in an appellant’s initial brief, but raised only in the reply brief.” Lloyd Noland Hosp. v. Durham, 906 So.2d 157, 173 (Ala.2005). Therefore, Edwards’s first argument on application for rehearing has no merit.
Edwards’s second argument on application for rehearing is that this court should have applied the de novo standard of review to his argument that the trial court erred on the ground that it was bound by the judgment in the Darden case and had entered a judgment inconsistent with it. However, Edwards’s second argument has no merit because it erroneously presupposes that we could consider an argument he raised for the first time in his reply brief.
Finally, Edwards cites Walters v. Commons, 2 Port. 38 (Ala.1835), as additional authority for a subargument he made on original submission. On original submission, he argued that the trial court’s judgment was unsupported by the evidence because, he said, he proved that Glen McCord’s survey is inaccurate and unreliable. One of the subarguments he made in support of that argument was (1) that, because the parties agreed that a segment of the section line separating Section 8 from Section 17 in Perry County constituted their common boundary line, the boundary line is a segment of a straight line running east and west between two points that constitute the pertinent corners of those two sections as established by the original survey performed by the United States and (2) that McCord’s survey is inaccurate and unreliable because, Edwards says, it does not depict the section line separating Sections 8 and 17 as a straight line running between the pertinent corners of those two sections as established by the original survey performed by the United States. Walters supports the proposition that the section corners of Sections 8 and 17 were definitively established by the original survey performed by the United States and cannot be altered.
However, our original decision is consistent with Walters. We rejected Edwards’s subargument on original submission because, as we will explain below, there was evidence before the trial court from which it could have found that McCord’s survey depicts the section line separating Sections 8 and 17 as a straight line running east and west between the pertinent section corners as established by the original United States survey.
Because Section 17 is immediately south of Section 8, Section 17 and Section 8 share a common boundary line, which is a section line. The eastern terminus of the section line is a point that constitutes both *106 the southeast córner of Section 8 and the northeast corner of Section 17. The western terminus of the section line is a point that constitutes both the southwest corner of Section 8 and the northwest corner of Section 17. McCord’s survey depicts the eastern terminus of the section line as a monument he describes as an automobile camshaft in the south bank of a creek that is locally accepted as marking the southeast corner of Section 8. His survey depicts the western terminus of the section line as a monument he describes as a flat iron that is locally accepted as marking the southwest corner of Section 8. His survey depicts the section line as a straight line running from the automobile camshaft to the flat iron on a bearing of South 87 degrees, 4 minutes, 18 seconds West.
Edwards relies on two surveys, one that was prepared for him by a licensed survey- or named Robert H. McMillan and a second one that was prepared for him by a licensed surveyor named Mitchell P. Hayden. McMillan’s survey depicts the eastern terminus of the section line as a monument that he describes as a camshaft in the southerly bank of a ditch that is locally accepted as marking the northeast corner of Section 17. As noted above, the northeast corner of Section 17 is a point that also constitutes the southeast corner of Section 8. Thus, McCord’s and McMillan’s survey both depict a camshaft as the landmark marking the point that constitutes both the southeast corner of Section 8 and the northeast corner of Section 17. Moreover, both McCord’s and McMillan’s surveys depict that camshaft as the eastern terminus of the section line. McMillan’s survey depicts the western terminus of the section line as a monument that he describes as a flat bar that is locally accepted as marking the northwest corner of Section 17. As noted above, the northwest corner of Section 17 is a point that also constitutes the southwest corner of Section 8. Thus, both McCord’s and McMillan’s surveys depict a flat iron or bar as the landmark marking the point that constitutes both the southwest corner of Section 8 and the northwest corner of Section 17. Moreover, both McCord’s and McMillan’s surveys depict that flat bar or iron as the western terminus of the section line.
Hayden’s survey depicts the eastern terminus of the section line as a monument that he describes as a camshaft accepted as the southeast corner of Section 8. Hayden’s survey depicts the western terminus of the section line as a one-inch flat bar accepted as the southwest corner of Section 8. Moreover, Hayden testified that, by using global-positioning-satellite technology, he had verified that the camshaft accurately marked the location of the southeast corner of Section 8 as established by the original survey performed by the United States and that the one-inch flat bar accurately marked the location of the southwest corner of Section 8 as established by the original survey performed by the United States. Hayden also testified that his survey, McMillan’s survey, and McCord’s survey all depicted the same camshaft as the eastern terminus of the section line and that his survey, McMillan’s survey, and McCord’s survey all depicted the same flat bar as the western terminus of the section line.
McCord’s survey depicts the section line as a straight line running from the camshaft to the flat bar and depicts the gravel road as being located north of the section line. McMillan’s and Hayden’s surveys depict the section line as a straight line running from the camshaft to the flat bar and depict the gravel road as being located south of the section line.
In this case, the trial court made no specific findings of fact in its judgment.
*107 “[W]hen a trial court makes no specific findings of fact, ‘this Court will assume that the trial judge made those findings necessary to support the judgment.’ Transamerica Commercial Fin. Corp. v. AmSouthBank, N.A., 608 So.2d 375, 378 (Ala.1992). Under the ore tenus rule, “‘appellate courts are not allowed to substitute their own judgment for that of the trial court if the trial court’s decision is supported by reasonable inferences to be drawn from the evidence.” ’ Yates v. El Bethel Primitive Baptist Church, 847 So.2d 331, 345 (Ala.2002) (quoting Ex parte Pielach, 681 So.2d 154,155 (Ala.1996)).”
New Props., L.L.C. v. Stewart, 905 So.2d 797, 799 (Ala.2004).
The evidence described above would support findings by the trial court that McCord’s, McMillan’s, and Hayden’s surveys all depicted the same landmarks as marking the eastern and western termini of the section line and that the location of those landmarks coincided with the location of the pertinent section corners established by the original survey performed by the United States. Moreover, the evidence described above would support a finding that McCord’s survey depicted the section line as a straight line running between those section corners. Furthermore, the trial court, as the finder of fact, was authorized to resolve the conflict between McCord’s survey, on the one hand, and McMillan’s and Hayden’s surveys, on the other, regarding the location of the gravel road in relation to the section line by finding that McCord’s depiction of the gravel road as being located north of the section line was accurate and that McMillan’s and Hayden’s depictions of the gravel road as being located south of the section line were inaccurate. See Woods v. Woods, 653 So.2d 312, 314 (Ala.Civ.App.1994) (“In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony it considers to be worthy of belief.”); Born v. Clark, 662 So.2d 669, 672 (Ala.1995) (“When a trial court, sitting without a jury, hears ore tenus evidence and determines disputed questions of fact, whether those questions come into dispute orally or by the written word, we must apply the ore tenus rule of review, and, under this rule, we must indulge all reasonable presumptions in favor of the trial court’s findings.”); accord Yeager v. Lucy, 998 So.2d 460, 463 (Ala.2008) (“ ‘The [ore tenus] rule applies to “disputed issues of fact,” whether the dispute is based entirely upon oral testimony or upon a combination of oral testimony and documentary evidence.’ ” (quoting Reed v. Board of Trs. for Alabama State Univ., 778 So.2d 791, 795 (Ala.2000))). Because (1) the findings described above would support the trial court’s determination that McCord’s survey accurately depicted the location of the section line and the segment of the section line that constituted the boundary line separating Edwards’s parcel from Melester’s and Melesiaris parcels and (2) the trial court made no specific findings, we must assume that the trial court made those findings. See New Properties.
Based on the analysis described above, we concluded on original submission that there is no merit to Edwards’s subargument that the trial court’s judgment is not supported by the evidence on the ground that McCord’s survey does not depict the section line separating Sections 8 and 17 as a straight line running between the pertinent section corners established by the original survey performed by the United States. The analysis described above also indicates that the trial court’s judgment is consistent with Walters. Therefore, Edwards’s citation of Walters does not warrant granting his application for rehearing.
*108 Accordingly, we overrule Edwards’s application for rehearing.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

"[5]The Court judgment and order in the Darden case were not admitted into evidence in the instant case but the order was discussed during examination of witnesses, and the trial court did look at the order and was aware of it. However, the surveys attached to the order were admitted into evidence.”