# Ivey v. Beddingfield.

### Statutory Action of Ejectment.

1. *Proof of adverse possession.*—Adverse possession by the grantor of land is not established by the fact that after the grant the land remained, as before the sale, within an inclosure, with other land of the grantor, and that the grantee did not publicly make known his title and claim.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, brought by the appellees against the appellant on March 9th, 1894. The facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court, at the request of the plaintiffs, gave the general affirmative charge in their favor, to the giving of which charge the defendant duly excepted. There was judgment for the plaintiffs; and the defendant appeals, and assigns as error, among other rulings of the trial court, the giving of the general affirmative charge in favor of the plaintiffs.

STALLWORTH & BURNETT for the appellant.

FARNHAM & CRUM for the appellees.

HARALSON, J.—The pleas in the case were the general issue and adverse possession, of the land sued for, for more than ten years before suit brought. The plaintiffs below, appellees, were the widow and children of Aaron Beddingfield. They and the appellant, defendant below, claim title from the same source—from Henry Beddingfield and the proof tended to show, that Henry had been dead about six, and Aaron about five years. The plaintiffs introduced in evidence a deed from

[Ivey v. Beddingfield.]

said Henry to said Aaron Beddingfield, deceased, to the lands in suit, of date 31st of July, 1879. The other proof for the plaintiff tended to show, that the land in question, about thirteen or fourteen acres, except about three acres, in the north-east corner of the quarter section, was the part of a body of land, of some two or three hundred acres, which belonged to said Henry, at the time he sold this piece from it to said Aaron, and that it was all then under a common fence, and remained so afterwards, and the greater part of it was in cultivation, except that part sold to said Aaron, and it was grown up in old field pines; the said Aaron, after his purchase, went into the possession of the land and claimed and exercised acts of ownership over it. such as farming, getting wood and rails off of it, and remained in possesion until the date of his death.

The defendant introduced a deed from said Henry Beddingfield to him, for said three acres of the land conveyed to said Aaron, which was in the extreme corner of the quarter section, north of the public road, which deed was executed in 1881, without date, but was probated the 11th of July of that year; and the proof tended to show that defendant went into possession of the three acres, and held and claimed the same, continuously, ever since. Under the charge of the court, these three acres were excepted from the verdict and judgment for the plaintiff, and the appeal has no reference to them. The other evidence for the defendant tended to show, that the lands inside the fence, were known and called the Henry Beddingfield tract or field, as long as he lived, and since his death, as the Charles Ivey tract. The defendant introduced a deed to the lands in the enclosed field, including the land in controversy, from Henry Beddingfield to him, of date, the 1st of March, 1880. Testifying for himself, he stated that he knew the land sold by said Henry to said Aaron and which the latter was put in possession of by said Henry; that said Aaron set up no title to the land in suit; that he, the defendant, had looked after the lands for said Henry for ten years before his death, but had no interest in it, until about six years before the trial. There was no evidence introduced by him, other than that specified above, tending to show acts of ownership by said Henry over the land claimed, after he sold it to said

Aaron. His sale and conveyance to defendant, was the first open, known, hostile claim of the land, after that time. Taking all that is said in favor of defendant's claim of adverse possession, there is nothing, until the making of this deed to defendant by said Henry, and defendant's possession thereunder, that put him in the category of repudiating the title he had previously made to said Aaron, and asserting a claim in hostility thereto. Until that time he was quiet, and if he repudiated the title he had made, for any reason, it is not shown that he communicated the fact to said Aaron or others. Because the land was within the enclosure where it was when he sold it, and because Aaron had not gone around making known his title and claim, do not establish an adverse possession in Henry. The defense of adverse possession, therefore, must fall; and as the deed to said Aaron under which plaintiffs claim, is the older, it must prevail over that of defendant. There was no error in giving the general charge for plaintiffs.

Affirmed.