[McDaniel v. Tennessee Coal, Iron & R. R. Co., et al.]

# McDaniel *v.* Tennessee Coal, Iron & R. R. Co. *et al.*

## Bill to Quiet Title.

(Decided Dec. 19, 1907.   45 So. Rep. 159.)

1. *Adverse Possession; Character of Possession; Right Acquired.* —Complainant claimed title to certain lands, by government subdivision, by adverse possession without color of title. It was shown that he had lived in a house on one subdivision so close to an adjacent subdivision that, of a field of eight acres around the house, two and a half cares were in the adjacent subdivision. The field of eight acres was fenced, and had been in the exclusive and adverse possession of complainant for ten years. Complainant had also maintained another field of twenty acres, a part only of which had been inclosed and cultivated for ten years, but the boundary and extent of occupancy for ten years was not shown. The remainder of the lands were wild and complainant's acts of ownership consisted in getting timber and firewood from it. What uses the remainder of the land was adapted to was not shown. Held, that, except as to the eight acres, his possession was insufficient to give him title and he was properly awarded title to the eight acres only.

2. *Costs; Discretion of Court.*—Where the court awarded complainant only a few acres of a large number of acres, to quiet the title of which suit was instituted, it was within the discretion of the court to apportion the costs between the parties.

APPEAL from Jefferson Chancery Court.

Heard before Hon. Alfred H. BENNERS.

Bill to quiet title by J. A. McDaniel against the Tennessee Coal, Iron & Railroad Company, et al. From a decree granting insufficient relief, complainant appeals. Affirmed.

JOHN D. STRANGE, and J. D. CREWS, for appellant. The constituents elements of title by possession are laid down in the following cases.—*Wilson v. Glenn*, 68 Ala. 386; *Dothard v. Denson*, 72 Ala. 545; *Smith v. Roberts*, 62 Ala. 83; *Goodson v. Brothers*, 111 Ala. 597; *Brand v. U. S. Car Co.*, 128 Ala. 583; *Chastang v. Chastang*, 141 Ala. 459. The doctrine of adverse possession rests

upon the presumed acquiescence of the owner.—*Lucas v. Daniels,* 34 Ala. 188; *Dothard v. Denson, supra; Stiff v. Cobb,* 126 Ala. 388; *Lawrence v. State Land Co.,* 141 Ala. 529. The statement of one in possession of land may be shown to explain such possession.—*Baucum v. George,* 65 Ala. 260; *Kirkland v. Trot,* 66 Ala. 417; *Wright v. Smith,* 66 Ala. 516; *Dothard v. Denson, supra; Luch v. Railroad Co.,* 92 Ala. 251. The statute contemplates a decree in favor of the complainant as well as defendant, when each show title to parts of the land. —*Friedman v. Shamblin,* 117 Ala. 458.

PERCY & BENNERS, for appellee. Adverse pedal possession is not extended constructively to the boundaries of a parol purchase of land as it would be to the boundaries of lands held under color of title. Under a parol purchase of lands, only that part is held adversely which is held in pedal possession.—*Tennessee Coal, Iron & Railroad Company v. Linn,* 123 Ala. 112-133. The cutting of timber testified to in this case, was not such an act as amounted to the actual possession of the land requisite in adverse possession.—*Chastang v. Chastang,* 141 Ala. 451-458; *Adler v. Prestwood,* 122 Ala. 367; *Burks v. Mitchell,* 78 Ala. 61; *Wiggins v. Kirby,* 106 Ala. 262; *Alexander v. Savage,* 90 Ala. 383; *Childress v. Calloway,* 76 Ala. 128; *Rivers v. Thompson,* 46 Ala. 336; *Farley v. Smith,* 39 Ala. 38; 1 Cyc. 990; 1 A. & E. Ency. Law, 828. The respondent, having the true title, is entitled to a decree in a bill of this kind, declaring such title.—*Kyle v. Alabama State Land Company,* 41 South. 174; *Adler v. Sullivan,* 115 Ala. 582. The fact that McDaniel did not return the land for taxation was a relevant circumstance inconsistent with, and therefore tending to rebut, his evidence that he claimed throughout

those years to own the land.—*Doe ex dem; Anniston City Land Company v. Edmondson,* 37 South. 424.

DENSON, J.—This bill, in which the appellant is the complainant, is filed under section 809-813 of the Code of 1896, to quiet the title to certain lands. After the bill was amended, as shown by the record, it conformed in its averments to the statutory requirements. The N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ and the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 17, and the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ and the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 8, all in township 18, S., of range 1 W., in Jefferson county, are the lands involved in the controversy as shown by the record. In another bill, filed by the same complainant at the same time against this respondent and the Sloss Iron & Steel Company, the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of sectie 17 in the same township and range in involved. The record in hand shows that the two cases were submitted together, but we have by the present record only the case in which the Tennessee Coal, Iron & Railroad Company is the respondent.

It was conceded in the submission of the two causes that the complainant had no paper title, nor color of title, to any of the lands; and by an agreement in writing between the parties it was admitted that, unless the complainant shows by testimony that he had acquired title to the lands by adverse possession, the respondent had the legal title to the lands by an unbroken chain of paper title beginning with the grant by the general government. So the only question at issue before the chancellor was whether or not the testimony sufficiently showed that the complainant was in the actual possession of the premises in such manner, and had been for such length of time as, under the law applicable to the doctrine of adverse possession, had ripened his posses-

sion into a legal title. The testimony without conflict shows that the complainant lived with his family in a three-room log house on the N. E. ¼ of the N. E. ¼ of section 17, and had a fenced field around his house which contained 6 or 8 acres; that the house is so close to the N. W. ¼ of the N. E. ¼ of the same section that 2½ acres of the field extended into and was on the said 40. This field was designated as the "house field." On a part of three of the 40's involved in the suit against the Tennessee Coal, Iron & Railroad Company alone, it appears that complainant had a field containing 19 or 20 acres, which he called and designated his "branch field." All the remainder of the land is in the woods, or is what is termed "wild land." Under the evidence the doctrine of possessio pedis is the law by which complainant's title must be gauged. The chancellor decreed title in the complainant to the 2½ acres of the house field that extended into the N. W. ¼ of the N. E. ¼ of section 17. In respect to the other lands involved in the suit no reference is made in the decree; but in the chancellor's opinion, which is set out in the record, he makes the following observations: "The proof shows that complainant relies upon adverse possession without color of title. While his claim is shown by averment of legal divisions of sections, the boundaries of his possession, exclusive and continuous for 10 years, are not shown with certainty. Defendant having title to the land to which his adverse possession does not extend, the burden is upon him (complainant) to show with certainty the boundaries of his possession continued for 10 years. It is not shown that the inclosure of the 'branch field,' as it now is, is as it has been for that period; and his cutting timber over all the land is not testified to by any witness having knowledge of the location of the lines enclosing the same."

[McDaniel v. Tennessee Coal, Iron & R. R. Co., et al.]

It is without dispute in the evidence shown that the branch field was not all cleared and fenced at the same time, but that, as the clearing progressed from year to year, the fence would be extended so as to take in the new clearing. It is further shown that a part of the field had been inclosed and cultivated for that period. As to the part which had been inclosed for 14 years, unquestionably the complainant showed title by adverse possession; but the trouble is the evidence fails to designate or mark the boundaries of that part of the field—in other words, it fails to separate the part of the field that had been inclosed for 10 years from the part that had not been inclosed so long, and it was a matter of impossibility for the chancellor, in this state of the evidence, to determine the particular part that had been inclosed or cultivated for 10 years.—*Chastang v. Chastang,* 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45.

But the complainant insists that his possession of the whole tract—the four 40's, was evidenced by those acts, and continued for the statutory period necessary to show title by adverse possession. It is true that inclosure and cultivation are not the only acts which may operate as evidence of actual possession. Other acts of ownership over and uses of the land, such as it is adapted to, may evidence actual possession, which, when continued for the period of 10 years, may ripen into title. There is an absence of evidence in this record to show the uses the land is reasonably adapted to, and the only acts of the complainant in respect to the lands outside of his inclosures consisted in getting timber and firewood from it. It is not deemed necessary to repeat or discuss the evidence in detail. Suffice it to say it has been carefully examined and considered, and we are unable to say that the decree of the chancellor to the effect that the complainant failed to make good his title is er-

32 R

roneous.—*Burks v. Mitchell,* 78 Ala. 61; *Chastang v. Chastang,* 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45.

In respect to the decree adjudging one-half the cost against the complainant, equity may apportion the cost between the parties; and on the facts in this case we see no reason for changing the decree.—3 Mayfield's Digest, p. 377, §§ 3817-3820.

The decree of the chancellor is in all things affirmed. Affirmed.

Tyson, C. J., and Dowdell and Simpson, JJ., concur.