# Brown *v.* Powers, *et al.*

## *Bill to Quiet Title.*

(Decided June 2, 1910.   52 South. 647.)

1. *Quieting Title; Possession Requisite.*—In order to maintain a bill to quiet title the complainant must have actual or constructive peaceable possession.

2. *Same; Survey of Land After Decree; Notice.*—Where a survey is not for the purpose of providing evidence, but is merely to correct and locate the subject of the decree upon report to the court, it is not governed by the provisions of section 6023, Code 1907, and the complainant in a suit to quiet title could have contested it and objected to the report to the court, and hence, no prejudicial error intervened.

3. *Deeds; Construction; Extent of Possession.*—A deed cannot extend possession to land not therein described.

4. *Evidence; Parol Evidence; Description of Land.*—Where a contract to purchase land was reduced to writing, and was executed by deed which described the land, a complainant cannot show by parol, twenty years afterwards that he contracted for and bought other land than that described.

5. *Costs; Apportionment; Discretion of Court.*—Where the court awarded complainant only a small portion of the relief sought, it was in the discretion of the court to divide the costs between the parties, which it properly did in this instance.

6. *Appeal and Error; Harmless Error; Pleading.*—Where the complainant got the relief to which he was entitled, notwithstanding the cross bill, and he could not have had further relief had there been no cross bill, he was not prejudiced by overruling demurrer to the cross bill.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Samuel Brown against Lulu B. Powers and others to quiet title to land. From a decree granting a partial relief, complainant appeals. Affirmed.

D. B. COBBS, for appellant. The court erred in overruling demurrer to the cross bill.—Section 3118, Code 1907; *Hatchett v. Blanton*, 72 Ala. 437. The court erred in the decree rendered in that it failed to grant the full

[Brown v. Powers, et. al.]

relief to which complainant was entitled. The contract itself extended the bounds of the forty, if that be necessary.—*Normant v. Eureka Co.*, 98 Ala. 188. Jane Brown, the wife, was competent as a witness.—*Henderson v. Brunson*, 141 Ala. 678. Counsel discuss other assignments of error, but without citation of authority.

WEBB, McALPINE & BROWN, for appellee. Counsel discuss assignments of error, but without citation of authority.

ANDERSON, J.—As has been repeatedly held by this court, in order for the complainant to maintain a bill under the statute to quiet title, he must have the peaceable possession of the land, actual or constructive.— *Burroughs v. Pate,* 51 South. 978, and cases cited. The complainant proved actual possession as to a small portion of the S. W. ¼ of the N. E. ¼ of section 14, the 40 described in the bill of complaint, and as to which he was granted relief. As to the other portion of said 40, he showed neither actual nor constructive possession, and was not entitled to relief as to same. The deed offered by the complainant could not operate to extend his possession to lands not embraced therein. The deed did not purport to convey the land in question, but related to a different 40, and could not extend the complainant's possession to lands not described in said deed.—*Black v. Tenn. Co.,* 93 Ala. 111, 9 South. 537; *Smith v. Keyser,* 115 Ala. 455, 22 South. 149.

Notwithstanding this controversy may be between an heir of the vendor and the vendee as to the land embraced in the complainant's deed, it does not present a case for the application of the holding in the case of *Normant v. Eureka Co.*, 98 Ala. 181, 12 South. 454, 39 Am. St. Rep. 45. The contract of purchase here was reduced to

writing and consummated by the execution of a deed which described the land conveyed, and we do not think the complainant could be permitted to show, by parol, over 20 years after the deed was executed, that he contracted for and bought a different 40 acres of land. If the deed misdescribed the land, it should have been corrected in an appropriate proceeding, and not by parol at this late day in the present proceeding. The objections to evidence insisted upon were either free from error or without injury to the appellant.

The only objection urged against the action of the chancellor in ordering a survey after decree was that the complainant did not have notice. The survey in question, was not for the purpose of providing evidence under section 6023 of the Code of 1907, but was to correctly locate the subject of the decree, was reported to the court, and the complainant could have objected to and contested same.

The chancery court properly awarded the complainant relief only as to a small portion of the land, and had the discretion to divide the cost between the parties, and which we think was properly exercised.—*McDaniel v. Tenn. Co.,* 153 Ala. 493, 45 South. 159.

Whether the demurrer to the cross-bill was or was not properly overruled, it was of no injury to the complainant. He got the relief to which he was entitled, regardless of the cross-bill, and could not have gotten relief to the other land, had there been no cross-bill.

The decree of the chancery court is affirmed.

Affirmed.

Simpson, Mayfield, and Sayre, JJ., Concur.