# Daniels, *et al.* v. Williams, *et al.*

### *Forcible Entry and Detainer.*

(Decided April 25, 1912.  58 South. 419.)

1. *Forcible Entry and Detainer; Burden of Proof.*—Under section 4285, Code 1907, a forcible entry and detainer action which has been transferred from the justice to the circuit court by affidavit filed under section 4283, Code 1907, the plaintiff has the burden of showing prior possession in himself, and either a forcible entry and unlawful detainer by defendant, or else a title in himself superior to that of defendant.

2. *Same; Right of Possession.*—A grantor's possession of land after the delivery of his deed, without disclaimer of holding as grantee's tenant by sufferance, and without assertion explicit of possession adverse to grantee, is not a sufficient possession to support his action of forcible entry and detainer.

3. *Evidence; Parol to Explain Writing.*—Where a deed is definite and certain in itself as to the description of the land conveyed, it cannot be qualified or explained by parol evidence.

4. *Reformation of Instrument; Proper Forum.*—A mistake in description of land cannot be corrected in a court of law, the only remedy being by a proceeding in equity to correct the deed so as to make it speak the intention of the parties.

5. *Deeds; Construction; Property Conveyed.*—A conveyance of a definite quantity of land in and off of a specified corner of a designated tract, is to be construed as a grant of a quadrangle of equal sides in that particular corner.

6. *Same; Delivery.*—Under section 3364, the grantor's possession becomes that of the grantee from the time the grantor delivers the deed to the grantee.

7. *Adverse Possession; Possession of Grantor After Delivery of Deed.*—Where a grantor delivers a deed to the grantee and remains in possession thereafter, his holding is regarded as subservient to his grantee, or as a tenant by sufferance of his grantee, and nothing short of his explicit disclaimer of such relation and an assertion of right in himself can render his possession adverse to' the grantee.

APPEAL from Washington Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Forcible entry and detainer by Kerry N. Daniels against T. B. Williams and another. Judgment for defendants and plaintiffs appeal. Affirmed.

GRANADE & GRANADE, for appellant. The affidavit must state and the proof must show that defendant entered peaceably and under claim of title.—Sec. 4283, Code 1907; *Mallon v. Moog*, 129 Ala. 303; *Fern v. Beirne*, 129 Ala. 435. Although defendant may have the legal title, if plaintiff be in possession, and defendant enters by force or forcibly ejects plaintiff plaintiff becomes entitled to recover.—*Brown v. French*, 148 Ala. 272; s. c. 49 South. 255. The statutes are intended to cover those cases only where plaintiff's possession is not apparent, and defendant entered and took possession peaceably in good faith.—*Matlock v. Thompson*, 18 Ala. 604; *Brown v. French, supra*. Parol evidence is admissible to show what was the intention of the parties, and to explain existing conditions.—*Guilmartin v. Wood*, 76 Ala. 208; *Jacobs v. Roach*, 49 South. 577; *C. & G. R. R. Co. v. Pilcher*, 51 South. 13. An imperfect description of land may be aided by parol testimony.—Authorities supra, and 69 Ala. 140; 75 Ala. 475; 121 Ala. 323; 131 Ala. 575.

ERWIN & McALEER, for appellee. The intention of the parties was to be gathered from the four corners of the deed and was for the determination of the court.—9 Port. 659; 2 Ala. 155; *Morris v. Robinson*, 80 Ala. 291. In a court of law, parol evidence is not admissible to show a mistake in the wording of the deed.—*Guilmartin v. Wood*, 76 Ala. 209; *Donahue v. Johnson*, 120 Ala. 445. Under the description, the lot was of equal size, a square in the designated corner.—*Wilkinson v. Roper*, 74 Ala. 148; *Green v. Jordan*, 83 Ala. 224. Possession by a vendor after delivery of a deed is not adverse to the grantee.—*Ivey v. Beddingfield*, 107 Ala. 616. There was no such force as to constitute a forcible entry in law.—19 Cyc. 1134; *Fowler v. Pritchard*, 148 Ala. 270. The

grantor was a mere tenant at will or license, and when Worsham conveyed to Williams and Williams entered, Daniel's possession was at an end.—*Hix Bros. v. Swift Creek M. Co.,* 133 Ala. 118. The court properly directed a verdict for defendant.

SOMERVILLE, J.—Plaintiff sued defendants in a justice's court for the possession of certain lands, the complaint containing a count in forcible entry and detainer and also in unlawful detainer. Under section 4283 of the Code, defendants transferred the cause to the circuit court, having filed the required affidavit that they "entered on the land sued for peaceably, and under claim of title thereto, and not under claim of any agreement, contract, or understanding with the plaintiff, or those under whom he claims, and that petitioner bona fide desires to contest with plaintiff the title to said land." On the whole evidence the court gave the general affirmative charge for defendants, and there was verdict and judgment accordingly.

The burden was on plaintiff to show prior possession in himself and either a forcible entry or an unlawful detainer by defendants, or else to show a title in himself superior to that of defendants.—Code, § 4285; *Fowler v. Pritchard,* 148 Ala. 261, 41 South. 667.

The material facts, as shown by the bill of exceptions, are substantially as follows:

In 1857 plaintiff bought of one Williams Smith "the E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of Sec. 1, Tp. 8 N., R. 4 west, with the exception of one five acre lot lying in the S. W. corner of said tract being sold to J. B. Worsham by Williams Smith and one 4 acre lot lying in the same corner of said tract of land sold by Philip Cato to Jeremiah Worsham in his lifetime." On December 16, 1897, W. N. and P. L. Worsham sold to Julia A. Williams (one of

the defendants), by warranty deed, several tracts of land, including "one lot in the S. W. corner of the S. E. ¼ of the S. W. ¼ of Sec. 1, Tp. 8, R. 4 west,  *  *  * containing 9 acres." On December 15, 1897, J. N. Daniel (the plaintiff) and his wife conveyed to W. N. and P. L. Worsham, by warranty deed, for the consideration of one dollar, "9 acres in S. W. corner of S. E. ¼ of S. W. ¼ of section 1, Tp. 8 north, R. 4 west, the same nine acres described in my deed." This deed, it seems, was given at the request of the Worshams, through their agent, and "was intended to perfect the Worsham title so that the sale could be made to Williams." One Pettus, a witness for plaintiff, testified that after the deed was made to Mrs. Williams he put Mr. Williams (presumably her husband) in possession of a nine-acre lot in the southwest corner of the tract, consisting of a five-acre lot and a four-acre lot immediately north of it; the whole being a rectangle, but not a square, and showed him the corners. It does not appear, however, that Julia A. Williams knew anything about this, nor that Mr. Williams was authorized to bind her in any way with respect thereto. In 1905 T. H. Williams (one of the defendants, and a son of Julia A. Williams) took charge of the land for his mother, and in 1907 proceeded to have a survey made of the lot as described in his mother's deed; that is, in the form of a square in the southwest corner. This survey reduced the length of the lot, as described by the witness Pettus and others, on the north, and extended it on the east; and it is a strip of approximately two acres on the east, thus included in this extension, that under the amended pleadings was the sole subject of controversy. An ancient rail fence, following a curved line, and concaving considerably to the east of its two termini, ran so that the eastern line of defendants' "square" survey intersected it at two

points. This fence was not a line fence, but had served plaintiff as an inclosure on that side, and he had always ·claimed and used the land to the east of it, and at times a small area on the western side; and west of the fence was claimed and occupied by the Worshams. The fence cut off on its eastern side the major part of the strip now in dispute. At the time of the defendants' alleged forcible entry through this fence, it was down in several places and the field on its eastern side was open to free access from the west via the lands conceded to have been in defendants' possession.

A conveyance of a definite quantity of land in or off of a specified corner of a designated tract is under a well-settled rule of construction, the grant of a corner quadrangle, of equal sides, extending to that corner.— *Wilkinson v. Roper,* 74 Ala. 140, 148; *Doe v. Clayton,* 81 Ala. 391, 402, 2 South. 24; *Green v. Jordan,* 83 Ala. 220, 3 South. 513, 3 Am. St. Rep. 711.

Hence the grant of nine acres in the southwest corner as described in plaintiff's deed to the Worshams, and in the Worsham's deed to Mrs. Williams, was definite and certain in itself, and could not be aided, qualified, or explained by parol evidence.—*Donehoo v. Johnson,* 120 Ala. 438, 24 South. 888; *Guilmartin v. Wood,* 76 Ala. 204. If it were conceded, for the argument, that the additional descriptive phrase in plaintiff's deed to the Worshams—"the same nine acres as described in my deed"—might be efficient to qualify the clear and wholly unambiguous description preceding it, and alter the grant to something different, nevertheless there is nothing in that deed to indicate that the tract conveyed was other than a square lot in the corner, since the two lots named are both referred to merely as being in said southwest corner. It is true that the actual location of sections by government surveys, as originally made,

though erroneous, will govern the description by government numbers both in the patent and in subsequent deeds.—*Billingsley v. Bates,* 30 Ala. 376, 68 Am. Dec. 126. But that principle is obviously not applicable here.

If there was a mistake in the description of this land, the grantor's only recourse was a proceeding in equity to correct the deed and make it speak the intention of the parties. It cannot be corrected in a court of law. We conclude, therefore, that defendants were entitled to a verdict as a matter of law on their legal title, unless plaintiff showed a forcible intrusion by defendants upon his prior actual possession in his own right; there being no pretense that there was an unlawful detainer after the termination of a possessory holding under plaintiff.

At common law the transfer of possession from the grantor to the grantee could be effected only by the ceremony known as livery of seisin. Our statute (Code, § 3364) dispenses with this ceremony, and declares that "the property and possession of the grantor pass as fully by his conveyance as if seisin had been formally delivered." This means that from the instant the deed is delivered the grantor's possession becomes that of the grantee.

And, if thereafter the grantor remains in possession, he is presumptively but a tenant at the sufferance of the grantee. "He will be regarded as holding the premises in subserviency to his grantee, and nothing short of an explicit disclaimer of such a relation, and a notorious assertion of right in himself, will be sufficient to change the character of his possession, and render it adverse to the grantee."—*Yancey v. S. & W. R. R. Co.,* 101 Ala. 234, 13 South. 311; *Ivey v. Beddingfield,* 107 Ala. 616, 18 South. 139.

[Daniels, et al. v. Williams, et al.]

Whatever the true facts may be, and however complete may have been the plaintiff's occupancy of the land in dispute after the execution of his deed to the Worshams, and of the Worshams' deed to Mrs. Williams, the bill of exceptions does not inform us of any disclaimer by plaintiff thereafter, nor of any conduct on his part that might have informed defendants that his possession had become hostile to Mrs. Williams until after the entry by T. H. Williams for the purpose of building the fence. Hence the legal presumption that plaintiff's possession was subservient to the owner as a tenant at sufferance remained in full force, with the logical result that at the time of the entry by Williams plaintiff had no such possession as is required to support this action, and likewise Williams' entry, whether by removing the fence or otherwise, was lawful and proper. Breaking out of an inclosure after entering through a gate is not the equivalent of breaking in; and it is very doubtful if there is any evidence at all to show that Williams entered by breaking down a fence, though he thus made his exit after entering. This, however, we need not determine.

We think the general affirmative charge was properly given for defendants, and other assignments of error will not be considered.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.