(133 So. 584)

## ALABAMA POWER CO. v. RODGERS.

### 5 Div. 63.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

Martin, Thompson & McWhorter, of Birmingham, and James W. Strother, of Dadeville, for appellant.

Samford & Samford and Jacob A. Walker, all of Opelika, for appellee.

**ANDERSON, C. J.**

It may be conceded that the description of the land sought to be condemned should have been more specific, and that the petition was subject to the defendant's demurrer, especially ground 7, page 17, but the defendant took no cross-appeal, and this ruling is not therefore subject to review. The trial court, in effect, held that the petition was sufficient, and permitted the petitioner to establish the identity of just what lands of the defendant condemnation was sought by proof of what part of the premises the petitioner already owned or held a release from any damages growing out of the construction of the old dam. In other words, the plaintiff held, under a conveyance, the land and a release from damages from this identical defendant as was covered or flooded by the construction of the dam as first constructed and which seems to have been fixed by the evidence as that space between the river and a contour line of 335 feet above the datum. This proceeding was therefore to condemn that part of said land as situated between contour line 335 and 350 feet which would be submerged or flooded by raising the dam several feet above its original height, and the question involved was the amount and value of the land between these two contour lines, and not the area or value of any land between the 335 line and the river. Indeed, the judgment of condemnation relates to this space, and the evidence as to value should have been confined thereto and not included other territory to which the petitioner held title or a release from damages. The trial court therefore erred in not giving the appellant's re-

quested charge set out in the twenty-second assignment of error.

True, there was some evidence tending to show that the water or overflow extended above the 350-foot line, but this issue was eliminated by the trial court in ruling upon the pleading and the evidence, and, having so ruled, should have confined the proof to the space involved, and should have given the charge above mentioned.

While the judgment of condemnation was only for the space mentioned, we cannot say that the jury did not consider the area and value of other land in the fixation of damages, especially in view of the trial court's refusal of the charge limiting them to said space and permitting evidence as to the value of the land below as well as above contour line 335.

Since this case must be reversed, we suggest that the issue can be simplified by the production of a survey or measurement by experts as to the quantity of land between the two lines instead of by guesswork on the part of nonexpert witness as to the number of acres and wherein there has been a gross and irreconcilable difference.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.

### On Rehearing.

ANDERSON, C. J.

The main insistence for error in the opinion is in holding that the charge limited the damage or compensation to the strip between contour lines 335 and 350 for the reason that the grant from Rodgers to the appellant's predecessor did not necessarily convey or release all the land or space between the river, as it then was, and contour line 335. The court is charged with confusion between the old and new or last dam and erroneously applying the terms of the deed to the last or present dam. It is sufficient to say that the deed provides for a dam that will furnish at any stage of the water an actual or net working head of "Fifty feet between the surface of head water and the surface of tide water," and the undisputed evidence shows that such a dam would extend the water to contour line 335. As to whether the old dam carried the water that far, or whether the new one was a raising of the old one, matters not, as it was but the same development of the water power as dealt with and contemplated by the deed and which expressly provides: "And the right to flood at any future day, such portion of land deeded herein, that may not be covered by water in the first or original development, should such original development be of less working head than is specified herein." Therefore, if the first dam or development did not afford a net working head of 50 feet and extend the water to contour line 335, the deed gave the right to do so by the second or enlarged dam.

It is next urged that the court has overlooked the appellee's evidence as to possession and if any land below line 335 was not covered by water by the erection of the first dam that appellee has acquired title thereto by adverse possession, notwithstanding his deed to the appellant's predecessor in title. It is the well-settled rule that by the execution and delivery of a deed the entire interest vests in the grantee, and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession and render it adverse to the grantee. 2 C. J. 143, Daniels v. Williams, 177 Ala. 140, 58 So. 419; Chancellor v. Teel, 141 Ala. 634, 37 So. 665; Ivey v. Beddingfield, 107 Ala. 616, 18 So. 139. Therefore, the mere fact that all the land was not covered by water as a result of the first dam up to contour line 335, and the appellee may have cultivated so much as was not covered, this, in no sense, interfered with the use or purpose for which it was acquired by the appellant, and could not operate to reinvest the appellee with the legal title which he had previously conveyed to appellant's predecessor in title.

We think that these observations should settle the question as to compensation for land below contour line 335. As to the land or damage thereto above contour line 350, we did not pass upon the question of resulting damages as the trial court both in ruling upon the pleading and the evidence excluded same from the jury, and the refusal of the charge involved was inconsistent with said ruling, and cases should be tried upon the issues involved.

Application overruled.

SAYRE, THOMAS, and BROWN, JJ., concur.