143 So. 560

**PATTERSON et al. v. JOHNSON et al.**

**8 Div. 371.**

Supreme Court of Alabama.

Oct. 6, 1932.

W. C. Rayburn, of Guntersville, for appellants.

D. Isbell, of Guntersville, for appellees.

BOULDIN, J.

The bill was filed for the sale of lands for division among tenants in common.

Joe Johnson, alleged to claim some right or title in the land, was made party respondent, and as to him the bill made a statutory bill to quiet title. By answer and cross-bill he set up his claim to an absolute title to 120 acres of the 180-acre tract involved. The trial court so decreed.

The alleged tenants in common are the heirs at law of Thomas Patterson and Eliza Patterson, deceased. Johnson claimed title by virtue of a deed from these ancestors, executed in 1911.

The deed in due form, purporting to convey the 120 acres upon a cash consideration, duly acknowledged, although put on record after the suit was filed, was, under our present statute, self-proving and properly admitted in evidence. Code, § 6861.

Complainants, respondents to the cross-bill, pleaded the statute of limitations of ten years.

The evidence disclosed that the grantors remained in possession and enjoyment of the entire tract, paying the taxes thereon, until the death of Thomas Patterson in 1912, and thereafter Eliza Patterson, with their youngest son, remained in possession until her death in 1928; and said son, Arbie Patterson, thereafter continued in possession, but it appears under arrangement with Joe Johnson, which rendered his possession permissive in character.

Appellants take the view that the statute of limitations began to run immediately upon the execution of the deed. Obviously this must turn on whether the possession of the grantors was adverse to the grantee.

When grantors make a conveyance of the absolute title to lands, but remain in possession, such possession is presumed to be in subservience to, and in recognition of, the title they have conveyed. To become adverse, it must further appear their possession was hostile to their grantee. Daniels v. Williams, 177 Ala. 141, 58 So. 419; Yancey v. Savannah & Western Railroad Co., 101 Ala. 234, 13 So. 311; Ivey v. Beddingfield, 107 Ala. 616, 18 So. 139; 2 C. J. 143, et seq.

There is no evidence that the grantors in this case repudiated the title conveyed by them, and brought home to Johnson notice of a hostile claim thereto.

The prescriptive period of twenty years had not elapsed when suit filed.

Johnson, as a witness, was permitted to testify to and introduce in evidence a duplicate held by him of an alleged written instrument, made contemporaneous with the deed, reciting that the consideration for the deed was an indebtedness evidenced by notes of the grantors, and consenting to their remaining in possession during their natural lives, with the privilege of paying the debt, whereupon the property was to be reconveyed.

Objections to his competency as a witness to such transaction with deceased persons whose estate was interested were duly interposed and noted in the submission.

Disregarding this testimony as illegal, the competent evidence fully warranted the decree rendered for reasons above stated. Code, § 6565.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.