123 So.2d 126

**Exol MILLER et al.,**

v.

**Bessie V. HEWELL, Admx., et al.**

**I Div. 890.**

Supreme Court of Alabama.

Sept. 15, 1960.

Diamond, Engel & Lattof, Mobile, for appellants.

Austill, Austill & Austill, Mobile, for appellees.

MERRILL, Justice.

Appeal from a final decree dismissing appellants' bill of complaint and granting relief to appellees under their cross-bill.

Sim Miller, father of appellants, purchased the lands in question, eighty acres less some exceptions, in 1920. He lived on the property until October, 1954, when his home was destroyed by fire and he was burned to death. The house was not rebuilt.

In November, 1928, Sim Miller deeded the lands to A. P. Hewell, one of the original respondents in the cause. The deed was recorded November 20, 1928. Miller continued to live on the lands until his death.

In 1955, Hewell and wife executed a gas, oil and mineral lease on the lands to one Thomsen, which was transferred to the other original respondent, Lamar Hunt, later in 1955.

The bill of complaint was filed by the children of Sim Miller on August 23, 1957. Pending the trial, A. P. Hewell died and the suit was revived against his administratrix, his heirs at law, and with Lamar Hunt, they became respondents.

The bill was twice amended, and as amended, sought to have the deed from Miller to Hewell declared a mortgage, to have an accounting to determine that the mortgage had been paid in full, or in the alternative, to have the unpaid amount of the mortgage declared barred by the statute

**288**

of limitations, and to quiet title to the property under Tit. 7, §§ 1109–1115, Code 1940. There was also an aspect that could be denominated a common-law bill quia timet in that it set out an instrument which appears to convey a title superior to that of complainants and seeks to have the same cancelled.

Appellees filed their answer denying the title of appellants, asked that their answer be taken as a cross-bill, and that title be quieted in their favor subject only to the lease held by Lamar Hunt.

After a hearing on the merits, the trial court dismissed the bill and granted the relief sought by the cross-bill.

Some months after the filing of the second amendment to the bill, and twelve days before trial, appellants requested a trial by jury under the provisions of Tit. 7, § 1112. This request was denied, and that ruling is assigned as error. We have said that the denial of trial by jury in a statutory proceeding to quiet title under Tit. 7, § 1109 et seq. constitutes error. Isbell v. Perry, 263 Ala. 292, 82 So.2d 633. But that statement applies only to that statutory proceeding. In Webb v. Bank of Brewton, 265 Ala. 568, 93 So.2d 154, 157, in an opinion written by the author of the Isbell case, we said:

"* * * When the purpose of the bill is to obtain some recognized equitable relief, in addition to declaring a status as provided in sections 1109 and 1112, Title 7, Code, the right to a jury trial granted by section 1112 does not apply. Ex parte Baird, 240 Ala. 585, 200 So. 601."

As already noted, the bill in the instant case sought recognized equitable relief in addition to the quieting of title under the statute, and the trial court properly denied the demand for jury trial.

Appellants charge error in the overruling of objections to two questions propounded to the witness Crabtree as to whether Hewell offered, in 1931 and in 1949, to sell the property in question to him. The case of Lawrence v. Alabama State Land Company, 144 Ala. 524, 41 So. 612, 614, is cited for the principle that "while declarations of ownership by a party in possession can be shown in establishing adverse possession, we do not think the rule includes acts of parties who were never in possession," and the argument is made that Hewell was never in possession of the land.

But the evidence is strong that Hewell was in the constructive possession of the property and it has been held that statements of ownership are admissible when made by a party in constructive possession of property. Williams v. Dent, 233 Ala. 109, 170 So. 202; McElroy, The Law of Evidence in Alabama, § 274, p. 133 (1st ed.). See Owen v. Moxon, 167 Ala. 615, 52 So. 527.

Appellants next urge error in the ruling of the court admitting affidavits made in 1955 by disinterested parties, stating that A. P. Hewell had been in the open, notorious and peaceful possession of the lands since he purchased them in 1928 from Sim Miller.

The case cited by appellants, Hatcher v. Rice, 213 Ala. 676, 105 So. 881, 882, holds that such affidavits, to be admissible, must have been "made contemporaneously with the conveyance they assume to interpret." But Tit. 47, § 116, was amended in 1945, Acts of Alabama, p. 559, and the Act was made applicable to "affidavits heretofore or hereafter made whether the same were made in connection with any particular transaction or merely to perfect title to land."

These affidavits were admissible under Tit. 47, § 117, because one affiant, Bradley, was dead and the other, Lela Crabtree, was a female, eighty-four years of age, and too infirm or sick to attend court.

Finally, appellants argue that the decree is contrary to the overwhelming evidence in the case.

There was evidence that Sim Miller lived on the lands for twenty-six years, that no one interfered with his possession, that he referred to the property as belonging to him, that he was the reputed owner in the community, and that his heirs had redeemed the land from a tax sale.

The tax records showed that the lands were assessed to A. P. Hewell in 1932, that he paid the taxes due in 1932, that he had purchased the lands from Sim Miller, and that he assessed and paid the taxes every year up to and including 1957, when this suit was filed.

But the property continued to be assessed to Sim Miller and it was sold in his name for the 1932 taxes even though Hewell had paid the tax for that year. It was this tax sale under which appellants redeemed the lands in 1955.

In addition to paying taxes on the lands for over twenty-five years, there was evidence that Hewell and his wife visited the property and Hewell would inspect it and both would talk with Sim Miller. There was no evidence that any adverse claim of Sim Miller was ever brought to the attention of Hewell or his wife. This suit was not begun until after Miller's death.

In Alabama Power Co. v. Rodgers, 222 Ala. 571, 133 So. 584, 586, we said:

" * * * It is the well-settled rule that by the execution and delivery of a deed the entire interest vests in the grantee, and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession and render it adverse to the grantee. * * * "

Other cases stating and applying the principle are Patterson v. Johnson, 225 Ala.

401, 143 So. 560; Lay v. Fuller, 178 Ala. 375, 59 So. 609; Chandler v. Pope, 205 Ala. 49, 87 So. 539.

 We cannot say that the decree is contrary to the weight of the evidence when there is no evidence that any hostile claim of Miller was ever brought home to the grantee Hewell, or for aught appearing, the relationship between the two was other than that of landlord and tenant.

We find no reversible error in the assignments argued by appellants.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.