John S. Casey, Heflin, for appellants.

283 So.2d 420

**Minnie M. MYERS et al.**

**v.**

**William Franklin OWENS and Thomas Y. Owens.**

**SC 306.**

Supreme Court of Alabama.

Sept. 27, 1973.

**529**

Knox, Jones, Woolf & Merrill, Anniston, for appellees.

PER CURIAM.

This is a boundary line dispute. Appellants, for convenience, will hereinafter be referred to as "Myers," and the appellees, hereinafter referred to as "Owens," were coterminous owners. Myers had paper title to the NW¼ of Section 20, Township 16, Range 11. Owens held a deed to the NE¼ of Section 19, Township 16, Range 11.

Owens filed a bill of complaint alleging that a dispute had arisen between the parties as to the true boundary line between their respective properties. The bill asked the court to determine the true boundary line. Owens contended that the government survey line was the boundary. Myers filed a cross bill and claimed that they and their predecessors in title had been in actual, open, exclusive, hostile and continuous possession of the disputed area which extended beyond the government section line, up to a tree line, field line and turnrow. The testimony in this case was taken ore tenus before the trial judge. He saw and heard the witnesses as they testified. There were exhibits introduced and some of the testimony made reference to points on these exhibits which points of reference are not before us, although the exhibits are.

This Court said in Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853 (1972):

"'* * * the burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse and exclusive possession of a definite tract under a claim of right for the time prescribed by law, and such possession is required to be shown by clear and convincing evidence. Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882; Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705.' Prestwood v. Hunt, 285 Ala. 525, 234 So.2d 545 (1970).

\* \* \* \* \* \*

"It is almost platitudinous to restate our well established rule that,

'Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect regardless of what might be our view of the evidence. Norton v. Norton, 280 Ala. 307, 193 So.2d 750; Great American Ins. Co. v. Railroad Furniture Salvage of Mobile, Inc., 276 Ala. 394, 162 So.2d 488; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281.' Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 (1970).

'* * * the findings and conclusions of fact made by a trial court, based on testimony taken ore tenus, are presumed to be correct, and such findings and conclusions carry with them the force of a jury verdict. Unless such findings and conclusions are plainly wrong or without supporting evidence, or are manifestly

unjust \* \* \* the final decree is due to be affirmed. Renfroe v. Weaver, 285 Ala. 1, 228 So.2d 764, and cases there cited . . ..' "

Without setting out a summary of the evidence, we can say that the trial court was justified in finding that the Myers had failed to meet the heavy burden placed upon them. The evidence is undisputed that there was never a survey made of the government line until 1964 when Owens hired a registered land surveyor to run the line. There was never a fence or other natural boundary which separated the land of the owners.

Admittedly, there was testimony, if believed, which would have justified the trial court in determining that the Myers had adversely possessed portions of the Owens forty, but it would have been very difficult, although not impossible, for the court to have written a decree sufficiently specific to spell out what was adversely possessed. The points of reference were "a turnrow," "a black locust tree," "a distinct timberline," "it follows the ditch, and then kind of meanders off," "at this point there's an old long leaf pine that's more or less deformed, unfit for timber . . .," "there's an old ash there where we used to have a boat landing," "a short distance there there is an old hickory which has blaze marks in evidence," "there's evidence of a turn-row there within the field, along with rock piles along the turn-row."

Indulging all reasonable presumptions in favor of the trial court's final decree, this Court cannot say that it was palpably wrong.

Affirmed.

COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and FAULKNER, JJ., concur.

HEFLIN, C. J., and MERRILL and JONES, JJ., not sitting.