Sturdevant vs. the Heirs of Murrell.

STURDEVANT *VS.* THE HEIRS OF MURRELL.

8p 317
114 492

1. By the act of eighteen hundred and twenty-one, abolishing the fictitious proceedings in ejectment, and substituting the action of trespass—the laws in force in relation to the action of ejectment, except so far as it related to the fictitious proceedings, were declared to be applicable to the action of trespass to try titles.

2. But the English *practice* in relation to ejectment, has not been adopted in this State.

3. The declaration, in trespass to try title, should describe the land in controversy with so much particularity and precision, as will inform the defendant what he is to defend against, and the court for what it is to render judgment.

4. Where one pleads "not guilty" to an action of trespass to try title, he is foreclosed from availing himself of an objection to the declaration—but may, in error, insist upon the insufficiency of the verdict and judgment—And

5. A verdict and judgment not specifying the lands, found illegally in a party's occupancy, with such certainty as will show where they lie, or the number of acres and extent of lines,—will not be sustained.

Error to the Circuit court of Mobile.

Trespass, to try title, before *Harris*, J.

Defendant plead not guilty. Verdict and judgment for plaintiffs; to reverse which, a writ of error was taken.

It was, in part, assigned in error—

That there was no proper or sufficient description of the land sued for, in the writ, declaration, verdict or judgment;—wherefore, for uncertainty, and because no

particular quantity is named, described or identified, the said proceedings were erroneous.

*Stewart & Thornton*, for the plaintiff in error.
*Campbell*, contra.

*Thornton*, for plaintiff. The first assignment of error, is the vagueness of the whole record, from the writ to the judgment, in the description of the land sued for. It seems that the old rule, was such, that the party plaintiff need not be specific in that particular; but that he could point out to the sheriff who had a *habere facias possessionem*, and take possession of the proper land at his peril. This rule was anomalous and dangerous. (See a case limiting it in this court—Sawyer vs. Fitz, 4 Stew. & Porter, 365, and the cases cited.) The preliminary proof of the admission of the secondary evidence of the certificate of the register of the land office at Jackson, was insufficient. (See Mitchell vs. Mitchell, 3 Stew. & Por. 84, and Bradford vs. Bradford, in this court.)

*Campbell*, for defendants in error. The description in the declaration is sufficient—and if not sufficient, the defendant in the court below, could not object after the joinder of issue—(4 Day's R. 448, note; Aik. Dig. 265, 266; 342; 3 Stew. 61; Harden's R. 57, 58, 76; Adams' Eject. 18, 20; 4 Binney, 77.)

COLLIER, C. J.—The first question raised in this case, is, as to the sufficiency of the declaration, verdict and judgment, to entitle the defendants in error to their writ

Sturdevant *vs.* the Heirs of Murrell.

of *habere facias possessionem.*   The land sought to be·
recovered, is described in the .declaration as "situate in
the county of Mobile, on the south side of three mile
creek, at, or near the place called the *pass of suriague,*
bounded on the east by lands · belonging to Benjamin
Dubroca, on the north by three mile creek, and on all
other sides by lands vacant at the time the same was
granted to the said John Murrell, that is to say, on the
seventh day of May, eighteen hundred and four." The
verdict merely negatives the truth of the plea, and finds
the plaintiff guilty of the trespass charged in the declara-
tion.   The judgment adjudges to the defendant the pos-
session, describing the land in the same general terms as
are employed in the declaration.

By an act of the Legislature, passed in eighteen hun-
dred and twenty-one, the fictitious proceedings in the ac-
tion of ejectment, were abolished, and the action of tres-
pass substituted as the mode of trying the right and title
to lands, &c., and the laws then in force in relation to
the action of ejectment, except so far as it related to the
fictitious proceedings, were declared to be applicable to
the action of trespass to try titles—(Aik. Dig. s. 41, 42, p.
265.)   When the action of ejectment was first intro-
duced into practice in England, very great certainty was
required in describing the premises in controversy, by
analogy to *a præcipe quod reddat* in a real action.   But
this severity has been relaxed in the courts of that coun-
try, and it is not now deemed *necessary* that the descrip-
tion should be *so certain,* that the sheriff, without the aid
of the plaintiff, may know of what to give possession
In such cases, the sheriff delivers the possession of the

Sturdevant *vs.* the Heirs of Murrell.

premises recovered, according to the plaintiff's directions, who, in receiving it, acts at his peril—if he takes more or other land, he is a trespasser, and subjects himself to an action, or the court, in a summary way, will set right any injury the defendant may have sustained by divesting him of the possession of land not embraced by the recovery against him—(Runnington's Eject. 121, *et post;* Adams on Eject. 20, 21, 22, 23, 24, 25; 4 Day's R. 448.)

The English practice on this subject has not been adopted in this State. In Jinkins vs. Noel, (3 Stew. R. 75,) this court say, "that all reasonable and practicable certainty of description should be required, and that the correct rule of law does not permit a successful plaintiff, by indemnifying the sheriff, or otherwise, to exercise an arbitrary discretion, as to the quantity or particular location of the lands to be delivered under his recovery ; but that the verdict and judgment must ascertain, to a common intent, the precise lot or tract recovered, and that this must appear, either in the verdict and judgment, or by the usual reference to the declaration." And in other States, a similar rule has been laid down. In Clark vs. Clark, (7 Vermont R. 190,) the court determined, that if lands are so imperfectly described in an action of ejectment, that it cannot be known for what the verdict was given, the judgment should be arrested. In Fenwick vs. Floyd's lessee, (1 Har. & Gill's R. 172,) it is said, that "an action of ejectment is a remedy given to the party to obtain the possession of lands which are wrongfully detained from him; and as the sheriff, after judgment, is to deliver the possession of the lands recovered, there must be such a description of them, as will enable him to effect

that purpose." In that case, the plaintiff in the eject-
ment claimed "two hundred and fifty-one acres, being
part of a tract of land, called, &c. lying and being in the
county," &c. The entire tract was four thousand acres,
and because a more particular locality was not given to
the part claimed, the court held that the declaration, and
a writ of possession conforming to it, were both defec-
tive.

In Seward vs. Jackson, (8 Cowen's R. 427,) the relaxa-
tion of the rule which required a description of the pre-
mises in the declaration, to be so certain, that the sheriff
might know from his execution, of what he · was to de-
liver possession, is said to have been productive of numer-
ous and vexatious applications to correct the errors of the
sheriff in delivering possession. And the settled rule of
the Supreme court of New York, "where a general ver-
dict is given for the plaintiff, is, to restrict him to the ta-
king possession of so much only, as he gave evidence of
his title to, on the trial"—(See also 1 Johns. Cases, 101.)
In Gregory vs. Jacksons, (6 Munf. R. 25,) a verdict was
returned in these words: "We, of the jury, find for the
plaintiff, his term yet to come, in four hundred acres of
land, parcel of the premises in the declaration mention-
ed, and in the possession of the defendant," &c. The
Court of Appeals of Virginia, determined that the verdict
was too uncertain to warrant a judgment for the plain-
tiff—inasmuch as it does not sufficiently designate the
boundaries of the four hundred acres which it finds for
the plaintiff, nor refer to any certain standard by which
that defect may be supplied—(See also Clay vs. White et
al. 1 Munf. 162)

Sturdevant *vs.* the Heirs of Murrell.

In England, the action of ejectment is regarded as strictly a possessory action, and determines nothing but the right of possession at the time of the demise laid in the declaration. Here, trespass to try title puts in issue not only the right to possession at the time of suit brought, but the *fee simple title* also, and the judgment is conclusive against both parties and their heirs. The inconclusiveness of a judgment in ejectment, and the unimportant consequences resulting from it there, compared with a similar proceeding here, may have induced the relaxation in the English practice. Be this as it may, we do not conceive that the ends of justice would be at all advanced by tolerating it in this State. Here, the lands have been surveyed, and numbered by surveyors acting under the authority of the federal government. These numbers may be easily ascertained by a person desirous of instituting a suit. If the lines have become so much effaced by time or other cause, that it is difficult to trace them, a county surveyor, with the aid of the *field notes,* may readily ascertain them. And if it is necessary before trial, to give to the premises in dispute a particular location, upon the legal sub-division of which it is a part, an order of survey may be obtained for that purpose, and the jury find by their verdict, the precise parcel of land, of which the defendant wrongfully withholds the possession from the plaintiff.

Again: if a plaintiff is put in possession of land, which he has never recovered, or of more than he recovered, the defendant would be without an available redress, to compensate him for the time he was wrongfully kept out; where the plaintiff is unable to make

Sturdevant *vs.* the Heirs of Murrell.

good any loss he may sustain by the improper execution of the judgment; unless he be allowed to look to the sheriff for reparation.    In any event, his remedy would often be tardy and vexatious; for unless the record discover what particular land was adjudged to the plaintiff, it would be necessary to show it by extrinsic proof, in order to set right the proceedings of the sheriff—a fact which it would be often difficult to prove.

Our conclusion is, that, in the action of trespass to try title, the declaration should describe the land in controversy with so much particularity and precision, as will inform the defendant what he is to defend against, and the court for what it is called on to render judgment. But, in the present case, the plaintiff in error cannot avail himself of an objection to the declaration—he is foreclosed by having pleaded *not guilty* in the Circuit court. The statute is express to the point—(Aik. Dig. s. 46, p. 266.)  It is, however, competent for him to insist upon the insufficiency of the verdict and judgment.

The jury have found the plaintiff guilty of the illegal occupancy of lands belonging to the defendants, but where these lands can be found we are not informed. They are bounded on the east by lands belonging to Dubroca, on the north by three mile creek—but the record is entirely silent as to the extent of the lines running from north to south, or from east to west.   These must be ascertained by a survey, aided by the *Spanish Archives*, in regard to the domain claimed by *Spain* in the year eighteen hundred and four, within the present limits of this State—a task requiring the exercise of judgment and industry.   The land in dispute may, from

Sturdevant *vs.* the Heirs of Murrell.

any thing appearing to us, contain five, or fifty thousand acres: the judgment does not warrant the issuance of an execution for any definite number, and because of its uncertainty, cannot be sustained.

The questions of law arising upon the bill of exceptions, we have not had leisure to examine, and as the defendant's counsel has intimated that they will not arise upon another trial, we have declined their consideration.

The judgment is reversed, and the cause remanded.