# Williams *et al. v.* Roe.

## *Vendor's Lien.*

1. *The land should be accurately described in a bill filed for its sale.*—In a bill filed for the purpose of selling real estate, it is essential that the land should be described with reasonable certainty.

2. *A decree rendered on a bill vaguely describing land, will be reversed.* A description of land as a "part of the east half of the north-east quarter of section thirteen, township seventeen, range two, west, containing about sixty acres, more or less," is too vague and indefinite; and a decree rendered on a bill having this defect will be reversed.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. CHARLES TURNER.

In February, 1876, the complainant, Francis R. Roe, filed a bill of complaint in the Chancery Court of Jefferson county against Hosea M. Williams, Andrew J. Waldrop, Thomas Gore, E. A. Williams and Mary Truss, to enforce a vendor's lien upon the following tract of land, to-wit: " The east half of the south-east quarter of section thirteen, township seventeen, range two, west; also, a part of the east half of north-east quarter, section thirteen, township seventeen, range two, west, containing sixty acres, more or less; also, the west half

of the north-west quarter, section eighteen, township seventeen, range one, west." This land was sold and conveyed by Enos T. Vance to Hosea M. Williams on the first day of February, 1872, for the sum of two thousand and five hundred dollars, payable in three equal annual instalments, for which the said Vance took the three promissory notes of said Williams, with said Andrew J. Waldrop as his surety. The promissory note, payable thirty-six months after date, was transferred to the complainant. The first two notes were wholly paid; and the last note held by the complainant had a credit indorsed upon it of three hundred and thirteen 30-100 dollars. Upon this note he brought suit, and obtained judgment for seven hundred and eighteen 15-100 dollars, besides the costs of suit. As the judgment was not paid, the complainant filed a bill for the purposes already mentioned.

On the 11th day of March, 1872, the said Hosea M. Williams and his wife, E. A. Williams, executed and delivered to said Andrew J. Waldrop, an instrument in writing, which was duly acknowledged by all parties, and recorded. By this deed, made for the purpose of securing the said Waldrop from loss, as surety on the said notes, "the said Williams and wife conveyed to the defendant, the said Thomas Gore, as trustee of all of the land above described, and providing that if said notes, or any part of them, should remain unpaid after maturity, then the said lands should be sold by said trustee, if said Vance should require it, and the proceeds applied to the payment of the said notes."

This deed of trust, or mortgage, was, in 1875, assigned to the defendant, Mary Truss, by the said Waldrop, "as collateral security" for the second promissory note given by said Williams and Waldrop to said Vance, and which said note had been transferred to her by the said Waldrop for a valuable consideration.

A demurrer was interposed to the said bill of complaint, which was overruled. And answers were filed, positively denying that the vendor had reserved a lien on the said land for the purchase-money. At the hearing of the case, the court held that the said Vance had waived the vendor's lien. But "the holder of the note given for the purchase-money was entitled to the benefit of the security given to indemnify the surety upon the note and to a foreclosure of the mortgage mentioned in the bill. This equity is superior to that of the defendant's, Waldrop, or any one claiming through him;" and consequently the complainant's equity was superior to that of

[Ex parte Lehman, Durr & Co.]

the defendant's, Mary Truss, who held merely the interest of Waldrop.

D. S. Troy, for appellants.

Porter & Martin, for appellee.—1. The demurrer was properly overruled.—2 Paige Rep. 396; 4 Paige, 540; 31 Ala. 219. The rulings of the court in 34 Ala. 91, and 38 Ala. 329, are not in conflict with the ruling of the chancellor in this case.

2. Vance and his assignee, Roe, were entitled to all the benefits of the mortgage taken by Waldrop for his indemnity as surety for Williams.—8 Ala. 866; 7 Ala. 362-7; 19 Ala. 779; 33 Ala. 469; 23 Ala. 797, and 2 Ala. 190.

BRICKELL, C. J.—Whether the bill is to be regarded as seeking the enforcement of a vendor's lien, or the fore-closure of a mortgage upon real estate, it is essential that it should describe the lands on which the decree is to operate with reasonable certainty.—*Long v. Pace*, 42 Ala. 495. The decree rendered, must correspond to the pleading. In the present case, a part of the lands are described in the mortgage in the bill, and in the decree, as " a part of the east half of the north-east quarter, of section thirteen, township seventeen, range two, west, containing sixty acres more or less." This description is too vague and indefinite. A purchaser under the decree would not be informed of the lands he was acquiring, nor if it became necessary for the court by a writ of assistance to put him in possession, could it be known for what particular lands the writ should issue. This defect compels a reversal. In all other respects the decree of the chancellor is correct.

The decree must be reversed and the cause remanded.