[Hurt v. Freeman.]

# Hurt v. Freeman et al.

### Bill in Equity for Foreclosure of Mortgage.

| 63 | 335 |
|----|-----|
| 115 | 492 |

| 63 | 335 |
|-----|-----|
| 144 | 534 |

1. *Description of mortgaged lands in bill.*—In a bill for the foreclosure of a mortgage, the premises should be described with the same reasonable certainty as in a complaint in a real action at law. "About one thousand and fifty acres, bounded as follows," specifying the boundaries on three sides only, and stating no fact from which the boundary on the fourth side can be ascertained, is not a sufficiently accurate and definite description.

Appeal from the Chancery Court of Russell.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 2d January, 1877, by James C. Freeman, as trustee for several minor children, who were joined with him as complainants in the bill, against John W. Hurt and others; and sought, among other things, the foreclosure of a mortgage given by said Hurt to Freeman, as trustee, to secure the payment of a note for money loaned. On final hearing, the chancellor rendered a decree for the complainants, ordering a sale of the mortgaged lands, &c.; and this decree is now assigned as error, by the defendant Hurt. The single point considered by this court renders it unnecessary to state the facts at length.

SAMFORD & CHILTON, for appellants, contended that the description of the land in the bill, and in the mortgage, was not sufficiently definite to support a decree of sale; citing *Williams v. Roe*, 59 Ala. 629; *Long v. Pace*, 42 Ala. 495.

WATTS & SONS, *contra.*

BRICKELL, C. J.—A bill for the foreclosure of a mortgage should so describe the mortgaged property, that, if a sale is ordered, the officer of the court may with certainty and safety execute the decree, and that purchasers may be informed of the particular premises which are exposed to sale, and which they can acquire.—*Long v. Pace*, 42 Ala. 495; *Williams v. Roe*, 59 Ala. 629; *Whitney v. Beal*, 5 Blackf. 143. If the mortgage is not certain in its description of the premises upon which it operates, and it is capable of being rendered certain by reference to extrinsic facts, these facts should be averred in the bill.

[Thurman v. Stoddard & Co.]

Following the description in the mortgage, the bill states the premises as certain lands, lying in the county of Russell, in the State of Alabama, "about one thousand and fifty acres, and bounded as follows: On the north by Mrs. Leonard; on the south by S. Pitts'; on the west by Illges & Ledbetter." This description is too vague. We do not mean, that it is so uncertain and indefinite as to affect the validity of the mortgage. It can, doubtless, be rendered certain by a proper description of the lands intended to be conveyed. The same certainty of description ought to be observed in a bill for foreclosure, as in a complaint in a real action at law, and in the judgment rendered thereon. In such action, reasonable certainty of description is necessary.—*Sturdevant v. Murrell*, 8 Porter, 317; *Bennett v. Morris*, 9 Porter, 171. The boundaries of the land on the north, south and west are given, but not on the east, and no fact is stated from which the eastern boundary can be ascertained. If the quantity of the land was stated, the eastern boundary could, perhaps, be located. But that is not specified—it is stated as *about* (meaning *more or less than* ) one thousand and *fifty acres ;* indicating that a particular tract of land, without regard to *quantity*, was in the contemplation of the pleader, and of the mortgagor and mortgagee.— *Winston v. Browning*, 61 Ala. 80. The defect in the bill in this respect compelling a reversal of the decree, it is not necessary to notice the other matters presented by the assignment of errors.

Reversed and remanded.

## *Bill in Equity for Foreclosure of Mortgage.*

