# Neely *v.* Goodwin.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Description of land in bill.*—In a bill which seeks to enforce a vendor's lien on a parcel of land, describing it as follows: "Commencing at a point on the west side of Wilmer street as projected, 200 feet north of the McMillan property, thence running north 200 feet along the west side of Wilmer street as projected, thence west 200 feet, thence south 200 feet, and thence east 200 feet to the point of beginning, being a parcel of ground 200 feet square, and situated in Anniston," the description is sufficiently certain and definite to support a decree.

APPEAL from the City Court of Anniston.
Heard before the Hon. B. F. CASSADY.

GORDON MACDONALD, for appellant, cited *Williams v. Roe*, 59 Ala. 629; *Hurt v. Freeman*, 63 Ala. 335.

KNOX & BOWIE, *contra*.

McCLELLAN J.—The bill in this case was filed to enforce a vendor's lien on land which is described therein as "that certain lot or parcel of land known and designated as follows : Commencing at a point on the west side of Wilmer street as projected, two hundred feet north of the McMillan property, thence running north two hundred feet along west side of Wilmer st. as projected, thence west two hundred feet, thence south two hundred feet, and thence east two hundred feet to the point of beginning, being a parcel of ground two hundred feet square, and situated in Anniston, county of Calhoun, and State of Alabama."   It is further averred that the defendants

went into possession of the lot at the time of making the purchase, and have continued therein up to the filing of the bill. Defendants demurred to the bill on the ground, among others, " that the description of the property on which the lien claimed is sought to be enforced is vague and indefinite, and can not support said bill." The Chancellor's action in overruling this ground of demurrer we are now asked to review, other assignments of error not being insisted on in argument.

The purpose of a description of the property involved in a bill to enforce a vendor's lien, or to foreclose a mortgage, or in a declaration in ejectment, and the like, is to furnish the means of identification; and when this is done with reasonable certainty, the averment is sufficient.—Wiltsin Mort. For. § 295; Tyler on Ejectment, 393 *et seq.;* Warvelle on Vendors, 366; *Dinkins v. Noel*, 3 Stew. 60. It is quite an error to suppose that the description must be absolutely and conclusively certain in and of itself. It is, we apprehend, entirely sufficient, if the averment furnishes *data* which, when carried into the judgment or decree, will enable the sheriff to execute a writ of *habere facias possessionem* in ejectment, or of assistance under a sale enforcing a vendor's lien, and put the plaintiff or purchaser, as the case may be, in possession. *Sturdevant v. Murrell*, 8 Port. 317; *Bennett v. Morris*, 9 Port. 172. This view of the law is supported by the opinions of this court in the cases relied on by appellant. Thus, in *Hurt v. Freeman*, 63 Ala. 335, the description was held insufficient, because, while the boundaries on the north, south and west sides of the land were given, that on the east side was not, " *and no fact was stated from which the eastern boundary could be ascertained;* " the inevitable implication being, that had any such fact been stated, the description in the bill to foreclose the mortgage would have been sufficient. Similarly, in *Williams v. Roe*, 59 Ala. 629, only *reasonable* certainty is required, and for that nothing was averred by which with reasonable certainty the land could be identified, the description was held inadequate. In the case at bar, the description locates the land on the west side of Wilmer street in the city of Anniston, and fronting thereon a distance of two hundred feet, and running back a like distance of two hundred feet. Not only so, but it is further described as being on that part of this public street which constitutes the extension thereof. And then as furnishing the data from which the precise location of the lot is ascertained, the southeast corner of this square is alleged to be two hundred feet north of the McMillan property on said Wilmer street.

But, it is insisted, McMillan may have owned two or more

[London·v. Sample Lumber Co.]

lots on Wilmer street. So he may, but such is not the presumption. On the contrary, the *prima facie* presumption is, that there was no other lot on that street known as "the McMillan property," or owned by McMillan, as otherwise the description given in the notes executed by the defendant, which is followed in the bill, would not, it is to be supposed, have been what it is, but would have identified the particular McMillan lot to which this important reference is made. See *Black v. Pratt C. & C. Co.*, 85 Ala. 504; *Sheldon v. Carter*, 8 So. Rep 63 ; 90 Ala 380.

The description was, in our opinion, sufficient, and the decree is affirmed.