# Roden, *et al. v.* Capehart.

*Ejectment.*

(Decided February 12, 1914. 64 South. 590.)

*Ejectment; Description of Property.*—The description in the complaint considered, and it is held that the use of the expression, "more or less," as descriptive of this land rendered the complaint fatally defective, so that the sheriff could not definitely locate the strip, and hence, entitled defendant to affirmative instructions.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

[Roden, et al. v. Capehart.]

Ejectment by S. C. Capehart against Dick Roden and others. Judgment for plaintiff and defendants appeal. Reversed and remanded.

STREET & ISBELL, for appellant. The description of the land sued for is indefinite and uncertain in such a sense as not to state a substantial cause of action.— *Goodwin v. Forman,* 114 Ala. 487; 35 Ind. 74. This being true, the question could properly be raised by demurrer to the complaint.—*Linam v. Jones,* 134 Ala. 579; section 4143, Code 1907, and cases cited.

JOHN A. LUSK & SON, for appellee. No brief reached the Reporter.

ANDERSON, C. J.—The complaint in question claims "twenty-five (25) feet, more or less, on the east side of lot number eight (8) on the bank of the Tennessee river, known as the Kitchens or Randall, or Capehart lot." The complaint does not designate the state, county, village, or subdivision in which lot 8 is situated; but if it did, or if the description as "the Kitchens or Randall or Capehart lot" was certain enough to identify and locate the lot, then the description of the strip is rendered uncertain by the addition of the words "more or less." If the boundary or the description of the strip was given, the use of the words "more or less" might not be material; but, as the suit seeks to recover only a number of feet off of "the east side" of the lot, without giving any boundary or description of the strip, the addition of the words "more or less" renders the description indefinite and uncertain. Under this description the sheriff could not definitely locate the strip, and could as well put the plaintiff in possession of 1 foot or of 50 feet as he could of 25 feet.

[Doe, ex dem. Moore, et al. v. Boulo.]

We therefore hold that the complaint in question will not support a valid judgment, and the court erred in refusing the general charge requested by the defendant. —*Linam v. Jones,* 134 Ala. 577, 33 South. 343. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, DE GRAFFENRIED, and GARDNER, JJ., concur.