# Wilder *v.* Campbell, *et al.*

### Ejectment.

(Decided June 8, 1916. 72 South. 385.)

Ejectment; Complaint.—Where the description of the property sued for in the complaint is too uncertain to be made a basis for a judgment and writ of possession that would have enabled the sheriff to locate the property, no recovery could be had.

APPEAL from Shelby County Court.

Heard before Hon. E. S. Lyman.

Ejectment by J. H. Wilder against H. L. Campbell and others. Judgment for defendants and plaintiff appeals. Affirmed.

HAYNES & WALLACE, for appellant. RIDDLE & ELLIS, for appellee.

SAYRE, J.—Statutory action of ejectment. The Morrells came in to defend instead of the terre tenant who held under them. After the evidence was in, the court refused to permit an amendment of the complaint, offered with the purpose of making certain the description of the property in suit, and then gave the general charge for defendants. The description of the lot contained in the complaint and the several muniments by which plaintiff traced his title to one of the defendants was too uncertain to be made the basis of a judgment. The sheriff in the execution of a writ of possession, supposing a judgment to have been rendered for plaintiff, would have been able, we will assume, to find a lot adjoining "Kidd's old storehouse and lot," but without

[Patton v. The State.]

something more he could not have located the boundary lines of such a lot. The lot might have been sufficiently defined by evidence showing the extent of the lot "occupied by Ross Carter" in 1908, and such definition may have shown that the description of the lot in the conveyances standing between plaintiff and one of the defendants aptly fitted the lot described in the conveyance under which defendants held, in which event the amendment would have been allowed and plaintiff would certainly have had judgment for the half interest of J. M. Morrell, and his right to recover against Thomas Morrell would have been a question for the jury, dependent upon the solution of the issue whether plaintiff, when he took his mortgage, had notice of the prior conveyance of a half interest by J. M. to Thomas Morrell. But there was no evidence defining the occupancy of Carter. For these reasons, the court correctly gave the general charge for defendants.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.