(89 South. 447)

## LEWIS v. JOHNSON. (2 Div. 694.)

(Supreme Court of Alabama. June 2, 1921.)

1. Deeds ⬅114(5)—Description of portion of acreage ordinarily construed as meaning square block.

A description, "five acres off the northwest corner" of a specified tract, is ordinarily to be construed as meaning a square block in the corner of that area; but where the acreage is marked on the ground by visible boundaries, known to and acquiesced in by the parties, each of whom claims and occupies only up to the dividing line so marked and understood, and such claim and occupation are extended to a period of 10 years, the title of each will be fixed and limited by the boundary line thus adopted.

2. Ejectment ⬅64—Complaint held to sufficiently describe land involved.

A complaint in ejectment to recover land bounded by a meander line held to sufficiently describe the land; testimony showing that the meander line ran from beginning to end along

three monuments mentioned in unbroken sequence.

**3. Adverse possession ⬡116(1)—Instruction held erroneous and prejudicial, as omitting elements of notoriety, continuity, and exclusiveness of possession.**

In ejectment, where parties claimed title by adverse possession, and a verdict in favor of either party would have been sufficiently supported, it was prejudicial error to give a special instruction to the jury at the instance of the defendant, to the effect that defendant could have acquired a title to the disputed strip notwithstanding plaintiff's adverse possession at the time defendant's deed to adjoining property was executed, by defendant merely going into possession, claiming under his deed, and so remaining for a period of ten years, by reason of its omission from the constituents of an effective adverse possession of the elements of notoriety, continuity, and exclusiveness.

Appeal from Circuit Court, Greene County; Henry B. Foster, Judge.

Statutory ejectment by Miss C. A. Lewis against William D. Johnson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint was as follows:

Count 1: "The plaintiff sues to recover possession of the following tract of land, to wit: The west half of the southwest quarter of section twenty-four, township twenty, of range one east, less and except five acres off of the northwest corner thereof, situate and being in Greene county, Alabama, of which she was in possession, and upon which, pending such possession, and before the commencement of this suit, the defendant entered and unlawfully withholds, together with two hundred and fifty dollars for the detention thereof."

Count 2: "Plaintiff sues to recover possession of the following tract of land, viz.: All that lies between a line drawn from southwest corner of southeast quarter of northeast quarter of section 26, township 20, range 1 east, to northeast corner of northeast quarter of southeast quarter of section 23, township 20, range 1 east and a meandering line running from a point about 4.74 chains east of an iron stob, which stands at or near the southwest corner of southeast quarter of northeast quarter of section 26, to a point on the north line of northwest quarter of southwest quarter of section 24, which said meandering line runs along the line of an old hedge row and an old ditch and a wire fence, being the only wire fence through said lands, and monuments of which exists, all in township 20, range 1 east, Greene county, Ala., of which she was in possession and upon which, pending such possession, the defendant entered and unlawfully withholds, together with $10,-000 for the detention thereof."

At the request of the defendant the court gave the following special charge:

"I charge you, gentlemen of the jury, that even though you may be reasonably satisfied from the evidence that at the time of the execution of the deed to Johnson the lands sued for were in the adverse possession of the plaintiff, or those under whom she claims, nevertheless, if you are reasonably satisfied from the evidence that Johnson went into possession of the lands sued for, claiming the same under his said deed and remained in such possession for a period of ten years before September 24, 1918, then you must return a verdict for the defendant as to the lands so held by the defendant, in sections 23 and 26 or the five acres in northwest corner of the southwest quarter of section 24."

R. B. Evins, of Greensboro, Edward De Graffenried, of Tuscaloosa, and William Hawkins, of Eutaw, for appellant.

The charge given for the defendant was erroneous in several particulars. 1 Michie, Ala. Dig. 151, § 13; 67 Ala. 221; 13 Ala. App. 647, 69 South. 232. Plaintiff was entitled to the affirmative charge.

Harwood, McKinly, McQueen & Aldridge, of Eutaw, for appellee.

The evidence showed that plaintiff had no title. 146 Ala. 198, 40 South. 205, 3 L. R. A. (N. S.) 822. Therefore the court could not be put in error for any charges given for the defendant or refused to the plaintiff. 156 Ala. 390, 47 South. 82; 123 Ala. 398, 26 South. 212; Rule 45, S. C. Practice. The description in count 2 was wholly defective, and would not support a judgment. 111 Ala. 601, 20 South. 485.

SOMERVILLE, J. The action is in statutory ejectment, and the complaint is in two counts. There is no controversy as to the respective paper titles of the parties, except as to the identity of the excepted five acres referred to in the first count, but plaintiff claims by adverse possession certain parts of the land deeded to defendant, which adjoins plaintiff's land on its western side.

Under the first count plaintiff expressly excepts from the tract therein sued for "five acres off the northwest corner thereof." This exception follows the exception set forth in the deed of conveyance under which she claims. On the other hand, defendant's deed, coming from the common source of title, conveys to him "five acres in the northwest corner" of the subdivision in question. The evidence shows that defendant took possession of a narrow, irregularly shaped tract of five or six acres in said northwest corner, lying west of an old fence row, claiming it under his said deed, and that plaintiff has never claimed that five-acre tract.

Under the first count, therefore, plaintiff having disclaimed as to all of the tract sued for, except the five acres as to which his title is undisputed, and never having been in possession of the disclaimed portion, plaintiff was not entitled to recover, and the general

affirmative charge might have been well given for defendant.

[1] It is of course true that the description, "five acres off the northwest corner" of a specified tract, is ordinarily to be construed as meaning a square block in the corner, of that area. Daniels v. Williams, 177 Ala. 140, 58 South. 419. But where, as here, the excepted acreage is marked on the ground by visible boundaries, known to and acquiesced in by the parties, each of whom claims and occupies only up to the dividing line so marked and understood, and such claim and occupation are extended to a period of ten years, the title of each will be fixed and limited by the boundary line thus actually adopted. This, as we understand the evidence, was the status arrived at between the plaintiff and her grantor, who excepted this five acres in actual possession, and afterwards sold it by actual delivery of possession to defendant's predecessor in title, Mrs. Anderson.

As to the second count, it is defendant's contention that the descriptive averments therein do not describe any tract of land which is capable of location; the theory being that the meander line which bounds the supposed tract on its western side may, consistently with the terms of its designation, cross and recross the straight line of the eastern boundary, or that, in any event, it does not appear to be a continuous line along the several monuments referred to, so as to bound and comprehend a definite area of land. Upon this theory, defendant concludes that this count does not state a cause of action, and would not support a judgment, and hence that any error committed by the trial court is not available to work a reversal of the judgment.

[2] Our analysis of the description in question leads to the conclusion that a tract of land of some sort is of necessity included between the two boundary lines given, and that if, as may be fairly inferred, the meander line runs from beginning to end along the three monuments mentioned, in unbroken sequence, and those monuments are actually there, as the testimony tends to show, to the west of the straight line given, then a strip of land has been sufficiently described, and may be certainly located. It must therefore be held that the second count would have been sufficient to support a judgment.

[3] The evidence as to the possession of the strip thus located is in dispute, and, upon the issue of title by adverse possession in plaintiff, a verdict in favor of either party would have been sufficiently supported. In this state of the evidence the special instruction given to the jury at the instance of defendant, to the effect that defendant could have acquired a title to the disputed strip, notwithstanding plaintiff's adverse possession at the time defendant's deed was executed (in February, 1907), by defendant's merely going into possession claiming under his deed, and so remaining for a period of ten years, must be pronounced prejudicially erroneous by reason of its omission from the constituents of an effective adverse possession of the elements of notoriety, continuity, and exclusiveness. Hays v. Lemoine, 156 Ala. 465, 47 South. 97; Chastang v. Chastang, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45; Potts v. Coleman, 67 Ala. 221, 228.

For this error let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.