158 So. 307

## HUGHES v. ALLEN et al.
### 1 Div. 810.

Supreme Court of Alabama.

Dec. 20, 1934.

Tucker & Mabry and Paul S. Jones, all of Grove Hill, for appellant.

Adams & Gillmore, of Grove Hill, for appellees.

GARDNER, Justice.

Originally the action was forcible entry and detainer, but the cause was removed to the circuit court for trial of title under the provisions of sections 8024–8026, Code 1923, and in effect converted into a statutory ejectment suit.

The trial court gave for defendant the affirmative charge, evidently upon the theory, as suggested in brief of counsel, that the description of the land sued for in the complaint (following substantially the description in plaintiff's deed) was insufficient upon which to base a judgment. To support the judgment it is necessary the description be of such a character that the sheriff, unaided by that kind of evidence aliunde, calling for his conclusion or discretion in the nature of a judicial act, can locate the land, with the help of such existing things as recorded instruments, maps, monuments, and other objects which may be located by the data furnished by the description itself. Klepac v. Fendley, 222 Ala. 417, 132 So. 619.

Illustrative of such insufficient description are the cases of Carroll v. Fausett, 206 Ala. 526, 91 So. 73; Wilder v. Campbell, 197 Ala. 179, 72 So. 385; Bradford v. Sneed, 174 Ala. 113, 56 So. 532; Griffin v. Hall, 111 Ala. 601, 20 So. 485; Goodwin v. Forman, 114 Ala. 489, 21 So. 946; Roden v. Capehart, 185 Ala. 579, 64 So. 590—while Klepac v. Fendley, supra, Lessley v. Prater, 200 Ala. 43, 75 So. 355, 356, and Lewis v. Johnson, 206 Ala. 156, 89 So. 447, serve as contrary illustrations.

The description in the complaint is as follows: "Beginning at the Southeast corner of the May's lot, thence North 20 chains to River, thence an easterly direction up said River about 15 chains to X on sweet gum, thence South 22 chains to River, thence a westerly direction about 15 chains to the place of beginning, containing 31½ acres."

The section, township, and range are each omitted; the complaint merely stating that the land was situated in Clarke county. There is reference to the "River," but what river is not indicated. On the western boundary of the county is the Tombigbee river, while on the eastern boundary is the Alabama. The description gives no aid as to which river is meant, unless indeed the sheriff would be able somewhere in the county to locate the "May's lot," after which he must also find the cross-mark "on a sweet gum." But of prime importance would be the location of the "May's lot" as the starting point, for without a definite ascertainment of this point there could possibly be no accurate designation of the property. There is no indication in the description that there is any well-defined location known as the "May's lot," and, looking to the proof (Wilder v. Campbell, supra, and Lewis v. Johnson, supra), it appears that even in the general locality of which the plaintiff speaks there is more than one place which might well answer to such designation.

It would appear, therefore, under the description of the complaint, the sheriff, to properly execute the writ, must take proof or make inquiry and use his discretion in locating the property. This under our authorities is not permissible. "Reasonable certainty in a verdict is the law's demand." Lessley v. Prater, supra. "The verdict must point out the land with such particularity that the sheriff can locate it, without evidence extrinsic of the record, for he cannot take testimony and pass upon its effect." Bradford v. Sneed, supra.

We therefore conclude the description was insufficient to support a judgment, and no reversible error can of consequence be rested upon the action of the court in giving for the defendant the affirmative charge. In view of this conclusion, other questions argued by plaintiff become immaterial and need no discussion.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.