173 So. 17

## PURYEAR v. SMITH.
### 8 Div. 753.

Supreme Court of Alabama.
March 4, 1937.

506

J. G. Rankin, of Athens, for appellant.    W. W. Malone, of Athens, for appellee.

172 So. 603

**TARRANT AMERICAN SAVINGS BANK
v. SMOKELESS FUEL CO.**

6 Div. I.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

ANDERSON, Chief Justice.

Bill to quiet title to land and this appeal involves only the sufficiency of the description of the land as set out in the bill of complaint.

We are in accord with the contention of appellant's counsel that greater particularity is required in the description of land in complaints and judgments and decrees than in deeds and that judgments and decrees should be so certain as to enable an officer in executing the judgment or decree to do so without the exercise of a discretion. Hughes v. Allen, 229 Ala. 467, 158 So. 307. But this rule does not exclude resort by the officer from looking to existing things as recorded instruments, maps, monuments, and other objects which may be looked to as data furnished by the description itself.

We are also aware of the rule that the description of land in a bill in equity should be of the same degree of certainty as a complaint in a real action at law and that, if the description can be made certain by reference to extrinsic facts, such facts should be alleged in the bill. Hurt v. Freeman, 63 Ala. 335. We think the bill sets out such data or extrinsic facts as would enable an officer to locate the land involved without having to exercise a discretion in the matter. The bill, in effect, shows that the land involved was resided upon by the complainant and was known as the "Sim Corder home place." It also sets out the surrounding owners and that the land is located in the N½ of Sec. 26, Tp. 1, R. 6 W., and the exception is set out by metes and bounds. We have had made by an expert a map or plat from the description as set out in the bill of complaint and which discloses with a degree of certainty the location of the land involved.

The trial court did not err in overruling the demurrer to the bill and the decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.