PER CURIAM.
Appellants seek review of an order denying their motion to dismiss the complaint and/or to strike various paragraphs as vague and indefinite.
Appellee filed suit to quiet title to certain land acquired by virtue of a tax deed from Duval County. Appellants were named as defendants alleging that they may have some interest in the subject property since they were the mortgagors in a recorded mortgage.
The complaint describes the property as follows:
“Pt Lots 3, 4 recorded in Deed Book 237-254 & COB 21-431 (Ex Pt in Co Rd & Pt Recorded in Official Records Books 1025-572, 570, 1116-629, 1066-380, 1116-627, 1449-169, 1516-501, 1472-81, 1951-200, 1958-57, 2056-448, 2349-556) Sec 5 T 2 S R 28 E.”
Appellant contends, inter alia, that the above description is not sufficient to apprise a defendant of the description of the real property in respect of which he is being sued. We agree.
The Alabama Supreme Court in Puryear v. Smith, 233 Ala. 505, 173 So. 17 (1937), was presented with the identical question of whether the description of the land as set out in the bill of complaint was sufficient. That court held that greater particularity is required in the description of land in complaints, judgments and decrees than in deeds. We believe this is the better rule. What suffices in a deed as between the parties in the deed is not sufficient to apprise a defendant in a lawsuit.
Therefore, we reversed and remand with directions that appellee be allowed to amend his complaint by alleging therein with greater specificity the legal description of the lands affected by the recorded instruments recited in the complaint.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.