322 So.2d 722
Ouida Fuqua LUNDY
v.
George Willis LUNDY.
Civ. 595.

Court of Civil Appeals of Alabama.
Nov. 19, 1975.

James M. Prestwood, Andalusia, for appellant.

W. H. Baldwin, Andalusia, for appellee.

**WRIGHT, Presiding Judge.**

This is an appeal from a decree divorcing the parties herein. Appellant, the wife, seeks reversal because the decree does not designate with sufficient certainty the real property she is to receive. We agree.

The decree, after granting a divorce for incompatibility of temperment between the parties, made the following order:

"It is further CONSIDERED, ORDERED, ADJUDGED AND DECREED by the court that the plaintiff be and is hereby awarded the exclusive possession of the home of the parties located at Wing, Alabama, together with so much of the land as has been used for yard and garden for the remainder of her life."

 A judgment should be complete and certain in itself. *Gandy v. Hagler,* 245 Ala. 167, 16 So.2d 305. We have examined the pleadings and testimony in the court below and find nothing therein to delineate the boundary of the yard and garden. Although it is possible that the parties know of and could agree on the current size of the plot, the court's decree should not leave such matters uncertain. In light of the fact that this home is located within a tract of land which has been and will continue to be farmed by the husband, the size of the yard and garden may have varied over the years. As it stands, the order is not sufficiently certain to define the wife's right of possession, nor would it afford her protection were a third party to enter the picture.

No appeal has been taken from other aspects of the decree. The uncertain portion of the order can be made certain without disturbing the remainder of the decree by the taking of further testimony concerning the size of the yard and garden.

We therefore affirm the decree except for the part granting the home to plaintiff for life. We reverse that part of the decree only because of its uncertainty of description and remand to the trial court with direction to describe the property so that it may be located on the ground.

Affirmed in part, remanded in part with direction.

BRADLEY and HOLMES, JJ., concur.