331 So.2d 702

**Kenneth G. MOSS**

v.

**Virginia MOSS.**

**Civ. 709.**

Court of Civil Appeals of Alabama.

April 28, 1976.

David E. Worley, Huntsville, for appellant.

Hayden R. Battles, Cullman, for appellee.

BRADLEY, Judge.

This appeal is from a declaratory judgment more definitively interpreting language found in a divorce decree.

The parties to this appeal had been divorced by the Circuit Court of Cullman County on August 2, 1974. That decree incorporated an agreement between the parties which, among other things, provided that appellee-wife was to receive appellant-husband's interest in the homeplace and "four acres contiguous to such homeplace."

In the present action, the wife testified that under this language she was supposed to receive a four acre square of land with the homeplace located in the approximate center. The husband, to the contrary, contended that the wife was to receive the homeplace and four acres with the dimensions one acre wide and four acres deep. The crux of the dispute is the amount of frontage along a paved road. Under the wife's view of the agreement she would have about twice as much frontage as under the husband's interpretation.

After a hearing ore tenus the trial court decreed that the shape of the four acre parcel was to be a square with the house in the middle.

On appeal the husband contends first that the trial court was without authority to construe the disputed phrase. This argument fails: judgments and decrees are subject to judicial construction like other written instruments, *Wise v. Watson*, 286 Ala. 22, 236 So.2d 681.

Ordinarily, the conveyance of land described by quantity will be presumed to have equal sides and be in the shape of a square, *Green v. Jordan*, 83 Ala. 220, 3 So. 513; *Daniel v. Williams*, 177 Ala. 140, 58 So. 419; *Lewis v. Johnson*, 206 Ala. 156, 89 So. 447. In the case at bar the trial court properly declared that the boundaries of the property were intended to accord with this presumption.

Appellant's other contention is that, even as clarified, the description of the property to be conveyed remains so vague and imprecise as to prevent a person from knowing with any degree of accuracy the boundaries of the tract to be conveyed. Furthermore, such a description would leave appellant with a small, wedge-shaped piece of land surrounded by the wife's tract. This small piece of land would be unmarketable because of its size and shape. This problem exists because the paved road on which the property fronts does not intersect the lateral boundaries at right angles, but at an angle of 67°.

The appellee concedes that the revised description is so uncertain as to prevent its execution. She states that the piece of land described in the declaratory judgment cannot be conveyed because the western

boundary of the parcel will overlap an adjoining tract not owned by the parties. She suggests that a more appropriate shape for her parcel would be a parallelogram of equal sides, with the southern side formed by the paved road, and the western side formed by the existing western boundary of the overall tract. The house would be approximately at the center of this parallelogram.

Appellee further suggests that the case be remanded so that the trial court can require a new survey and thereby give a more accurate description to the property to be conveyed.

We agree with appellee that further clarification by the trial court is necessary.

The description contained in the order appealed from is not sufficiently precise. The described parcel could not be conveyed without encroaching on property not owned, and it would leave portions of the remaining tract useless and greatly diminished in value. The inherent problem with the description is that a square parcel fronting on the road cannot be carved out of the overall tract because the road is not perpendicular to the east and west boundaries of the overall tract. A geometric configuration lacking perpendicular corners is not a square.

We therefore remand the case to the trial court for it to further describe the property in question so that the intent of the parties as to the number of acres and the location of the parcel will be carried out, *Lundy v. Lundy*, 56 Ala.App. 431, 322 So.2d 722.

REVERSED AND REMANDED.

WRIGHT, P. J., and HOLMES, J., concur.